[Civ. No. 5558. Third Appellate District.—August 29, 1936.]

E. T. SHUBERT, Appellant, v. DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF CALIFORNIA et al., Respondents.

Darold D. DeCoe, Fontaine Johnson, Norris J. Burke and Wilmer W. Morse for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondents.

THOMPSON, J.—This is an appeal from a judgment denying petitioner's application for a writ of *mandamus* to reinstate him as a duly appointed permanent highway patrol officer of the state of California in Plumas County, and to require the payment of his salary therefor subsequent to November, 1933.

The petitioner was appointed on December 21, 1931, by the highway commission with the approval of the civil service commission, under the provisions of section 11 of the

Civil Service Commission Act of California, as a *temporary* state traffic patrol officer to serve as such in Plumas County. At the request of the highway commission and by written authorization of the civil service commission his service as such *temporary* officer was three times extended. Each time the request for the extension of his time and the authorization therefor specifically stated that the appointment was for *temporary* service. As such temporary officer he served about 18 months, when his employment was terminated. At the termination of his service he applied to the civil service commission for permission to take the examination prescribed for candidates for that office. He was not permitted to take the examination for the reason that he was then over 36 years of age and therefore disqualified under the rules of the commission which had been adopted and were in force.

At no time involved in this proceeding was there an eligible list of candidates for that office who had taken the examination required by law. The petitioner had never taken such examination and was not on the eligible list required from which appointments must be made pursuant to section 360c of the Political Code. A highway patrol system was maintained in Plumas County by the state of California, but that county never did maintain such system independently of the state. When the petitioner's temporary service ended January 1, 1933, he demanded of the civil service commission that he be permanently appointed as state highway patrol officer in Plumas County, on the theory that his service in that capacity for more than one year automatically entitled him to the status of a permanent officer pursuant to the provisions of section 360c, subdivision (k) of the Political Code. That demand was refused. A petition for a writ of *mandamus* was then filed in the Superior Court of Sacramento County to require his reinstatement as a permanent highway patrol officer, and to enforce the payment of his salary as such. The petition was denied by that court. Judgment was rendered accordingly. From that judgment the petitioner has appealed.

It is apparent from the record that the petitioner was appointed by the motor vehicle department of the state December 21, 1931, as a *temporary* state traffic patrol officer to serve in Plumas County, under the provisions of section 11 of the Civil Service Commission Act. (Stats. 1913, p. 1035,

Act 1400, 1 Deering's Gen. Laws of Cal. of 1931, p. 629.) His temporary appointment was extended from time to time as provided by the last-mentioned section, and definitely terminated January 1, 1933. There was no eligible list of applicants for that appointment. The commission therefore had the right to make that temporary appointment. The record discloses the fact that he was first so temporarily appointed at the request of the chief of the California highway patrol, with the written approval of the Director of the Motor Vehicle Department and of the personnel division of the civil service commission. Every application and authorization for the extension of his term of service specifically designates it as a "temporary appointment". The county of Plumas never did maintain an independent highway patrol system. The appointment was clearly made and the service was maintained *by the state* and not by the county. When a permanent appointment of a patrol officer was made by the state for the district of Plumas County in the fall of 1933, the petitioner was disqualified by the rules of the commission to take the civil service examination because he was over 36 years of age. ■ Subdivision third of the Civil Service Act, *supra*, authorizes the commission to "enforce suitable rules and regulations" for the examination and appointment of officers. Pursuant to that authorization the rule was adopted that applicants for examination and appointment as highway patrol officers must be confined to candidates between 25 and 35 years of age. That does not appear to be an unreasonable rule. ■ The petitioner's claim to the office and his asserted right to the peremptory writ of *mandamus* in this proceeding are not affected by the fact that another individual may have also been disqualified from holding that appointment. The disqualification of some other person is immaterial to the determination of this appeal.

■ It is strenuously insisted that the petitioner was appointed as patrol officer under the provisions of section 360c, subdivisions (j) and (k) and that because he held his appointment for more than one year he became automatically entitled to a permanent appointment. We think not. Subdivision (j) referred to, provides for appointments made only after examinations conducted by the civil service commission. It provides in part, "Such persons shall be re-

quired to take an examination in accordance with the Civil Service Act, and said appointment shall be made *from the eligible list resulting from said examination.*" In the present instance no such eligible list existed, and the appointment was not made in the manner required by that section. On the contrary it was made as a *temporary appointment* under the provisions of section 11 of the Civil Service Commission Act.

Subdivision (k) of section 360c of the Political Code upon which the petitioner relies, provides:

"(k) Appointments prior to December 31, 1933. Civil Service status. In appointing prior to December 31, 1933, members of the California highway patrol to serve in any county in which is maintained a traffic patrol at the time this amendment takes effect, the chief of the California highway patrol, subject to the approval of the director of motor vehicles, upon requisition of the board of supervisors of that county *may* appoint the traffic officers of such county who have held their positions as such for one year previous to the date of such appointment. Members so appointed under this subdivision holding their positions after the expiration of a probationary period of one year shall automatically acquire permanent civil service status without examination and shall be rated as to efficiency by the chief of the California highway patrol in accordance with the terms of this act."

The appellant claims that because the petitioner was appointed by the state and held his position as patrol officer in Plumas County more than a year prior to December 31, 1933, the preceding subdivision of section 360c of the Political Code made it mandatory for the commission to reappoint him and that his appointment then automatically became permanent. That construction of the law would render section 11 of the Civil Service Act, under which the temporary appointment was really made, inoperative. We are of the opinion the last-mentioned section was enacted to provide for a temporary appointment in an emergency, "when there is no eligible list from which a position may be filled". Such temporary officers do not come within the above-quoted provisions of the Political Code. There is no statutory provision making such temporary officers permanent under any circumstances. They have no civil service status.

They are subject to dismissal at any time without cause. Subdivision (k) above quoted, refers only to regular appointments which are made from "eligible lists" resulting from the examinations provided for in that section of the code. No such list existed in the present case. The petitioner was not on an eligible list of candidates for appointment. He had never taken the examination required by that section. He therefore had no civil service status entitling him to a permanent appointment. The automatic establishment of a permanent officer provided for in subdivision (k) had no application to his service. The probationary term of one year, referred to in subdivisions (j) and (k) of that section, entitling such officer to an automatic permanent appointment is specifically confined to "Any person appointed *under the provisions of this subdivision.*"

It is therefore unnecessary for us to determine whether the word "may" as it is used in subdivision (k) is mandatory and absolutely requires the reappointment of a patrol officer who has served as such in a county by regular appointment for more than a year prior to December 31, 1933. The petitioner was never so regularly appointed. He never had any status except that of a temporary officer.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.