Michael Svihra et als. v. Gustave G. Samuelson et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued October 7—decided November 1, 1938.

*Harry Schwartz,* for the appellants (plaintiffs).

*William H. Comley,* for the appellees (defendants).

*Charles G. Morris,* amicus curiae.

HINMAN, J.   The complaint and cross-complaint both seek a declaratory judgment as to the validity of three appointments by the board of education of the city of Bridgeport to the positions of principals of elementary schools.   All of the appointees previously occupied positions in the city school system, one as a teacher in and head of the department of mathematics in a senior high school, another as supervisor of art in the city schools, and the third as coördinating counsellor of the city normal school, which is municipally operated.   The trial court found as to each that while her position was in the classified service under the amendment of the Bridgeport city charter establishing a civil service commission, it was not that of a teacher in the elementary schools.   This finding is attacked as to the latter two, but we regard it as warranted;

it is clearly so as to the last mentioned and as to the second her duties as supervisor of instruction in art in all schools may not fairly be regarded as constituting her a teacher in the elementary schools as that term is employed in the act. In only one case, the first, was any present increase in salary involved, but in the others the maximum salary attainable under the compensation schedules adopted by the board of education was larger than the salary previously received. We do not regard the decision appealed from as involving subversion or impairment of the general principles of civil service, of which the plaintiff expresses apprehension, but, as did the trial court, merely the effect to be accorded to certain provisions of the charter amendment and the application of the facts thereto. The decisive issue is whether the action of the board of education relating to these three persons was, as the trial court held, the appointment of teachers in the elementary school system, or a promotion as defined by the legislative act.

The charter amendment in question, approved June 5, 1935 (22 Special Laws, p. 261), provided for a civil service commission and a personnel director and necessary assistants, divided the civil service of the city into unclassified and classified services, and made protective and other provisions for those in the classified service along the general lines usual in municipal civil service laws. The act throughout, however, evinces an intention to retain in the board of education the powers and responsibility for the administration of schools including the selection, placing and transfer of teachers, as well as their compensation and general management, but it at the same time aims to secure to these teachers the benefit of the protective provisions of the act pertaining to tenure, removal and reinstatement and other similar matters.

Several significant provisions manifest such an intent. Section 3 of the act designates the offices and positions which the unclassified service shall comprise including (e) "teachers in the elementary system of the city, so far as their appointments thereto are concerned," and provides that the classified service shall include all offices and positions, other than those so designated. Section 4 excepts teachers from the general provision for the making of classification and compensation plans for employees in the classified service and provides that "the classification, rating, assignment, transfer and compensation of teachers shall remain under the control of the board of education, anything contained in this act to the contrary notwithstanding," and the rules adopted by the civil service commission provide (Rule I) that "nothing in these rules shall apply to the classification, rating, recruitment, appointment, assignment, transfer and compensation of teachers." Section 5 expressly excepts teachers from provisions that the personnel director shall ascertain and record the duties and responsibilities appertaining to positions in the classified service and classify such positions, and Section 7 does likewise concerning compensation schedules and provides that "the compensation plan for teachers shall be that adopted by the board of education." Under Section 9, "all tests for . . . promotions as teachers shall be prepared and corrected by the superintendent of schools, with the approval of the board of education, and he shall, in like manner, determine the prerequisite qualifications for admission to such tests . . . ," while as to all other positions for which tests are required, these functions are under the management of the personnel director. Section 20 requires a report to the civil service commission, in manner and form prescribed by it,

of all appointments, reinstatements or other matters affecting the status of positions.

The definition section (24) provides that " 'appointment' shall be construed to mean 'promotion' where the context shall permit and shall so indicate" and " 'promotion' shall mean a change from one class of position to another class of position having a higher rate of compensation and involving a change of duties and responsibilities and requiring a competitive civil service examination, and shall be construed to mean appointment or employment where the context shall permit and shall so indicate." "Teacher" is defined as "any person, including any principal or supervisor eligible to membership in the state teachers' retirement association, except the superintendent of schools and the assistant superintendent of schools." Under this last definition a principal of an elementary school is to be regarded as a teacher therein and therefore, under Section 3 (e), not within the classified service so far as concerns appointment as such.

The plaintiff correctly concedes that the effect of Section 3 (e) is to exempt candidates for positions and teachers in the elementary school system from the necessity of taking a competitive civil service examination, but contends that the reason for making the exemption is referable to the existence of the city's own normal school and the established practice of appointing as classroom teachers in the elementary schools graduates of that school according to rank of graded ability and seniority of graduation. Be that as it may it remains true, as the plaintiff also concedes under the exception as framed, that the board of education is not bound to adhere to that practice and is at liberty to depart from it and appoint any person having the essential qualification of possession of the requisite appropriate certificate from the state board of educa-

tion. The superintendent and teachers of schools are frequently excepted from the scope and operation of civil service laws. 10 Am. Jur., p. 934. Even if the reason and incentive for the exception in Section 3 (e) be as claimed by the plaintiff it is incapable of limitation, by construction, to the field of choice customary in Bridgeport in the appointment of elementary school teachers. Therefore if the persons here involved were "appointed," within the meaning of that exception, no civil service examination was required.

To constitute a "promotion," under the definition of that term in Section 24, which we have quoted, three essential elements must concur. There must be a change to a position (1) having a higher rate of compensation, and (2) involving a change of duties and responsibilities, and (3) the position to which the change is made must be one for which a competitive civil service examination is required. The positions to which the present proceeding relates answered the second requisite; at least one clearly fell within the first, and as to whether the potentially higher salaries appertaining to the other two positions, although no present increase was involved, would be sufficient to bring them also within it there is no need to decide, since it follows from our conclusions that the exception of Section 3 (e) applies, no competitive examination was required and therefore the third requisite is wanting as to all three positions. Consequently the changes were not promotions within the definition, which is controlling and too plainly expressed to allow of limitation by statutory construction. In the votes of the board of education, in all three instances, the changes were designated as appointments, and although the superintendent of schools, in making a report, apparently under Section 20, to the civil service commission symbolized them as promotions, that does

not suffice to make them such, inconsistently with the law as we construe it and with the characterization of the board of education itself.

The trial court was correct in concluding that the action of the board of education relative to these three teachers did not constitute promotions but appointments to the elementary system, that they were not required to take competitive examinations, and that their appointments were lawful and valid, and in rendering judgment accordingly. To so decide does not tend to nullify or impair the general plan and system contemplated and provided for by this and other civil service laws, and exempts, to an extent compelled by a proper construction of express provisions, a limited class of teachers and in respect to their appointment only, leaving them as well as all other teachers within the classified service for all purposes consonant with the proper jurisdiction of the board of education which the act manifests an intent to preserve, instead of placing all of them entirely in the unclassified service as has often been done in such laws.

There is no error.

In this opinion the other judges concurred.