WILLIAM HOWE *v.* CIVIL SERVICE COMMISSION OF THE CITY OF BRIDGEPORT.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued March 7—decided May 8, 1941.

*Clifford B. Wilson,* with whom was *Francis J. King,* for the appellant (plaintiff).

*Walter Werner*, with whom were *Harry Schwartz*, and, on the brief, *John V. Donnelly*, for the appellee (defendant).

ELLS, J. The civil service amendment to the charter of the city of Bridgeport is a comprehensive statute regulating all phases of the appointment, promotion, compensation and classification of those employees of the city who are placed by Section 3 of that act in the classified civil service. 22 Special Laws, p. 261. In March, 1937, the director of maintenance of the board of education purported to appoint the plaintiff, but only provisionally, to the position of janitor in the educational department, subject to the approval of the civil service commission. The plaintiff was over forty years old, and before offering this provisional appointment the director told him of a rule of the board prohibiting any permanent employment of janitors who were beyond that age, and after making the provisional appointment, on several occasions informed him that the job was temporary, was subject to the provisions of the civil service amendment, and could only continue until such time as an eligible list for the position of janitor was established by the civil service commission through examination. On March 22, 1937, the civil service commission approved this provisional appointment, effective March 15th.

The act made protective and other provision for those in the classified service along the general lines usual in municipal civil service laws, based fundamentally upon competitive examination. Section 12 provides that the personnel director, under certain specified circumstances, may authorize the filling of a position by provisional appointment pending the establishment of a re-employment or employment list, but that it shall continue only until the establishment of

such lists and in no event shall the appointment exceed a total of four calendar months. Section 24 states that " 'provisional appointment' shall mean a temporary appointment under section twelve of this act." The plaintiff was nevertheless permitted to occupy the position from March 15, 1937, until July 12, 1939. In the meantime competitive examinations for the position of janitor in the classified service were duly held and an eligible list prepared. Thereafter the board of education requested the names of those certified as eligible and the position formerly occupied by the plaintiff as a provisional appointee was duly filled by an individual whose name was furnished from the eligible list. The plaintiff did not take the examinations, and at no time was his name on an eligible list. His appeal to the civil service commission was denied, he appealed to a judge of the Superior Court with like result, and then came to this court.

It is correctly conceded that the position of janitor in the public school system is in the classified service and is governed by the provisions of the act. Although we said in *Svihra* v. *Samuelson*, 125 Conn. 16, 18, 2 Atl. (2d) 383, that the act evinces an intention to retain in the board of education the powers and responsibility for the administration of schools, we were there concerned with teachers in the elementary system, excluded in § 3 of the act. Janitors are not within this exception. The question, therefore, is whether the plaintiff's original tenure as a provisional appointee was altered by the fact that he was unlawfully permitted to occupy the position for more than four months in a fiscal year.

The overwhelming weight of authority is that under the circumstances of this case a temporary appointment never ripens into a permanent appointment, nor does mere occupancy of a temporary position beyond

the time limited by law result in permanent tenure. Among the many applicable cases are *State ex rel. Raines* v. *Seattle,* 134 Wash. 360, 365, 235 Pac. 968; *Darling* v. *Maguire,* 129 N. Y. Supp. 385, 389; *People* v. *Scannell,* 66 N. Y. Supp. 182, 184. "Any method which results in improperly placing in permanent positions those who obtain temporary employment is a reversion to the properly condemned spoils system and is destructive of much that has been accomplished in the way of civil service reform." *Sheridan* v. *Kern,* 5 N. Y. Supp. (2d) 336, 342. See also *Koso* v. *Greene,* 260 N. Y. 491, 184 N. E. 65, to the effect that while a temporary appointment may on occasion be succeeded by a permanent appointment, that may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of temporary or provisional appointment into permanent appointment. *Shubert* v. *Dept. of Motor Vehicles,* 16 Cal. App. (2d) 353, 60 Pac. (2d) 538; *Reading* v. *Maxwell,* 46 Ariz. 500, 52 Pac. (2d) 1155; *Goss* v. *Rice,* 292 N. Y. Supp. 729. The plaintiff seeks to distinguish these and other like cases, upon the ground that the civil service law here in question contains no provision that all appointments in the classified service must be made only after competitive examinations. While the law does not in terms so state, it does provide that when a position in the classified service shall become vacant the appointing authority, if it shall desire to fill the vacancy, shall proceed in accordance with the terms of the act. There is no question as to the legislative intent that no position in the classified service can be filled except in accordance with those terms, and they require public competitive tests. The unanimity of judicial opinion is also proved, in negative fashion, by the paucity of authority presented by the plaintiff in support of his

position. Three cases are cited. None of them are in point, for they are easily distinguishable by factual and other considerations.

The plaintiff's second claim requires but brief discussion. The contention is that the civil service commission, by hearing the appeal, assumed the plaintiff was a permanent appointee, and was estopped from denying it. The record shows that the commission made no such assumption. In any event, it is elementary that the commission could not endow the plaintiff with permanency of tenure by its own action, in violation of law. *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 402, 167 Atl. 826; *Piccolo* v. *West Haven*, 120 Conn. 449, 456, 181 Atl. 615; see *Rodgers* v. *Board of Public Works*, 208 Cal. 291, 281 Pac. 64. The third claim is that the plaintiff was entitled by § 87 of the charter to a hearing de novo in the Superior Court, but that the court merely reviewed the commission's findings. The issue was one of law only, and the Superior Court considered the legal issue squarely upon its merits. Furthermore § 21 of the Civil Service Act provides merely that the appeal from the finding of the civil service commission shall be "in the manner" prescribed by § 87 of the charter. This refers to the mode or way in which the appeal is to be taken and does not require a hearing de novo, as is provided for appeals taken under § 87. See *Curry* v. *Civil Service Commission of Bridgeport*, 125 Conn. 344, 345, note. A full hearing before the commission being required by the civil service law and, so far as the record discloses, having been afforded the plaintiff, there is no constitutional requirement that he be given a de novo hearing before the court. *Beaverdale Memorial Park, Inc.* v. *Danaher*, 127 Conn. 175, 181, 15 Atl. (2d) 17. The usual rule would apply, that in an appeal from an administrative board the function of the court is to determine whether

the board acted illegally, arbitrarily or in abuse of its discretion, and this is determined primarily upon the basis of the situation before it when it decided the matter. *Kram* v. *Public Utilities Commission,* 126 Conn. 543, 549, 12 Atl. (2d) 775. In *Curry* v. *Civil Service Commission of Bridgeport,* supra, 346, we said that administrative duties cannot constitutionally be imposed upon our courts or any of their judges in the guise of an appeal, and cited applicable cases. As we there pointed out we cannot give to the civil service law such a construction, where the statute can fairly and reasonably be so interpreted as to obviate the doubt concerning constitutional validity.

There is no error.

In this opinion the other judges concurred.