THE TOWN OF WALLINGFORD *v.* THE BOARD OF EDUCATION OF THE TOWN OF WALLINGFORD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued April 7—decided May 18, 1965

*Matthew G. Galligan,* with whom was *William H. Regan,* for the plaintiff.

*J. Read Murphy,* with whom was *James P. Sandler,* for the defendants.

*William W. Sprague* filed a brief as amicus curiae but did not argue the cause.

ALCORN, J. This action was brought on behalf of the town of Wallingford to enjoin its board of education from entering into a contract with a labor union fixing the conditions of employment of certain nonprofessional personnel and to enjoin the board from employing nonprofessional personnel in disregard of the civil service regulations of the town. The plaintiff also seeks a declaratory judgment determining whether the nonprofessional employees of the board of education are subject to the provisions of the town charter relating to civil service.

The parties have reserved the case on stipulated facts for the advice of this court on four questions. An answer to the fourth question, set forth in the footnote,[1] is determinative of all questions reserved. It should be noted with respect to that question that the plaintiff town makes no claim that the personnel director has any power to promulgate the civil service regulations. The portion of the question at issue is whether the personnel director may enforce the regulations as stated.

The agreed statement of facts incorporates, by reference, the full text of the Wallingford charter and the correspondence exchanged between the parties resulting in the litigation. The parties have agreed that the charter was enacted under the so-called Home Rule Act. General Statutes, c. 99. They have further agreed that chapter 11 of the charter creates a department of personnel and pensions and that chapter 14 establishes a classified

[1] "4. Absent the express consent of the Board of Education, may the Personnel Director of the Town of Wallingford, acting under the provisions of Section 2 of Chapter XIV and Section 1 of Chapter XI of said Town Charter promulgate and enforce provisions relating to the appointment, duties, promotion, pay and removal of nonprofessional employees of said Board of Education?"

service for municipal employees, which is administered by the personnel director. If we assume, as the parties have agreed, that Wallingford has legally adopted a civil service system for town employees, question four, briefly stated, is whether the board of education's nonprofessional personnel are outside the pale of that system.

The additional stipulated facts, as supplemented by the material portions of the documents incorporated by reference, disclose the following: Chapter 11 of the charter establishes a department of personnel and pensions which is authorized to provide for the appointment, promotion and removal of all personnel in the administrative service of the town, subject to rules and regulations adopted under the provisions of chapter 14. The head of the department is the personnel director, who is appointed, and may be removed, by the mayor. Howard K. Jones is the personnel director. The defendants are the members of the Wallingford board of education established under the General Statutes. Chapter 10 of the charter recognizes the board of education as the agency responsible for the conduct of the educational system of the town in accordance with the provisions of the charter. Chapter 14 of the charter provides, in § 1, that all officers and employees in the classified service of the town shall be appointed on the basis of merit and in conformity with recognized principles of personnel administration. Section 2 of that chapter provides that the classified service, under a plan to be initiated by the mayor and pursuant to personnel rules which he must cause to be prepared, shall include appointees to all positions now or hereafter created except, among others, "professional employees of the board of education". The parties have agreed that pro-

fessional employees include "superintendent, principals, administrators of teaching, teachers, nurses, guidance counselors and the like", while those included within the classified service are "custodians, secretaries, cafeteria employees, etc."

The personnel director advised the defendants, in substance, that under the charter future appointments of nonprofessional employees should be made in conformity with the rules and regulations of the personnel department. The defendants replied, in substance, that the sole responsibility for the employment of both professional and nonprofessional personnel resided with the board of education. On that premise, the defendants have negotiated a proposed contract with a labor union relating to hours, wages, holidays and vacations, sick leave, leaves of absence and seniority and grievance procedures covering employees of the board of education identified therein as "custodians and matrons holding union membership". The record fails to indicate what proportion of the nonprofessional employees within the agreed meaning of that term are embraced within the contract description of "custodians and matrons holding union membership".

The parties correctly concede that a municipality can exercise only those powers expressly granted to it or necessary to enable it to discharge its duties and carry out its objects and purposes. *Bredice* v. *Norwalk,* 152 Conn. 287, 292, 206 A.2d 433; *Old Colony Gardens, Inc.* v. *Stamford,* 147 Conn. 60, 62, 156 A.2d 515. The fact is not disputed that the town board of education is an agency of the state in charge of education in the town. *Board of Education* v. *Ellington,* 151 Conn. 1, 6, 193 A.2d 466; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 566, 74 A. 882. It is equally

clear that, while the state has granted broad powers to local boards of education, those powers are not unlimited. *Herzig* v. *Board of Education,* 152 Conn. 144, 150, 204 A.2d 827.

The defendants claim that, since General Statutes § 10-220 entrusts them with the "care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes", they necessarily have the unrestricted power to employ, on such terms as they deem fit, the personnel necessary to carry out those functions. They fail to mention that it would appear from § 10-203 that the control of town schoolhouses is recognized as resting in the hands of others than the board of education. It is to be noted, further, that no express power to employ persons to carry out their duties under § 10-220 is conferred on the board although other sections of the statutes do expressly empower them to employ certain personnel. § 10-21 (vocational counselor); § 10-68 (adult education director); § 10-151 (teachers); § 10-157 (school superintendents); § 10-205 (school medical advisers); § 10-212 (school nurses); § 10-213 (dental hygienists); § 10-214 (optometrist); § 10-215 (personnel for lunch service); § 10-249 (school enumerators).

The defendants, as members of the board of education, are officers of the town. *Keegan* v. *Thompson,* 103 Conn. 418, 422, 130 A. 707. The persons employed by them in the performance of their statutory functions are employees of the town. See *Rowland* v. *Hayes,* 124 Conn. 129, 136, 198 A. 337; see also General Statutes § 10-232. The state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns. *Maitland* v. *Thompson,* 129 Conn. 186, 191, 27 A.2d 160. The town is required to maintain

control of all public schools within its limits; § 10-240; and to appropriate the money to run the schools; § 10-222; the expenses of which are paid by the town on order of the board of education. § 10-248.

It is an established principle that local charter powers must yield to the superior power of the state when the two enter a field of statewide concern. See *Connecticut Co.* v. *New Haven,* 103 Conn. 197, 211, 130 A. 169; *Shelton* v. *City of Shelton,* 111 Conn. 433, 437, 150 A. 811. The question now presented is whether the implied power, which the defendants concededly possess, to employ the personnel necessary to carry out their obligations as agents of the state is improperly invaded by a requirement that they observe the civil service requirements of the charter in the employment of their nonprofessional personnel. The Home Rule Act, in itself, is a general legislative grant of power to the municipality to draft, adopt and amend, within specified limits, its own organic law. *Sloane* v. *Waterbury,* 150 Conn. 24, 26, 31, 183 A.2d 839. The institution of civil service for town employees is a matter of local concern to the town of Wallingford.

There is nothing in the powers to be implied under § 10-220 which would deny to Wallingford the power to embrace, within its civil service system, the nonprofessional employees of the board of education. The plaintiff concedes the defendants' right, under that section, to select their employees. The ability to perform the statutory duties imposed on the board are not destroyed or interfered with in any unreasonable way by a requirement that the selection of nonprofessional employees be made from a classified list of persons whose qualifications have been determined on a uniform basis applicable

to other town employees similarly situated and whose rights and responsibilities thereafter are fixed by regulations designed to serve the mutual benefit of the employee and the community. Indeed, civil service for employees in the educational system is not a novel concept. See *Howe* v. *Civil Service Commission,* 128 Conn. 35, 37, 20 A.2d 397. The state itself has clearly indicated that the application of the merit system is not inimical to the efficient and proper operation of its educational system. General Statutes §§ 10-2, 5-3.

As previously pointed out, no claim is made that the personnel director has the power to promulgate the civil service regulations.

To question four in the reservation we answer that the personnel director has the power to enforce the civil service regulations of the town of Wallingford.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.