## BOARD OF EDUCATION OF THE CITY OF DANBURY *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NOS. 338835
HARTFORD-NEW BRITAIN AT HARTFORD      342047

Memorandum filed December 13, 1988

*Shipman & Goodwin,* for the plaintiff in each case.

*Marianne D. Smith,* for the named defendant in each case.

*Pinney, Payne, Van Lenten, Burrell, Wolfe & Dillman,* for the defendant Lynn Royce et al. in each case.

ALLEN, J. These are appeals by the Danbury board of education (board) from decisions rendered by the named defendant, the freedom of information commission (commission), in *Lynn Royce, Edward Frede, & the Danbury News-Times* v. *Board of Education*, Docket No. FIC-87-160 (1987) and Docket No. FIC-211 (1988). In its decisions the commission held that the board's May 12, 1987 and July 9, 1987 executive sessions were not convened to discuss the "appointment" of a public officer or employee within the meaning of General Statutes § 1-18a (e) (1). The commission decided that the executive sessions were held to discuss the "filling of a vacancy in the [board's] membership, which, under ordinary circumstances, is an elective office," and concluded that the executive sessions were improperly convened. The board appeals these decisions pursuant to General Statutes § 1-21i (d) and General Statutes § 4-183 of the Uniform Administrative Procedure Act and asks that this court reverse the commission's final decisions.

On May 12, 1987, and July 9, 1987, the board held special meetings to interview candidates in order to fill vacancies on the board, pursuant to General Statutes § 10-219. At the meetings, the board interviewed the candidates in a public session, then convened into executive session for discussion. Finally, the board filled the vacancies in public session.

On June 1, and July 30, 1987, letters of complaint were filed by the Danbury News-Times, Lynn Royce and Edward Frede, alleging that the board violated the Freedom of Information Act (act) by going into executive session at these meetings. They claimed that they should not have been excluded from those portions of the meetings when the board convened into executive session for discussion of the candidates. They claimed that such exclusion violated General Statutes § 1-21, which provides in part that "[t]he meetings of all pub-

lic agencies, except executive sessions as defined in subsection (e) of section 1-18a, shall be open to the public." General Statutes § 1-18a (e) (1) defines "executive sessions" as meaning "a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment . . . of a public officer."

At subsequent hearings the commission hearing officer found that at the executive sessions, the board did not discuss the "appointment" of a public officer within the meaning of § 1-18a (e) (1). Rather, the sessions were held to discuss the filling of a vacancy on a board, whose membership is elected, and therefore did not constitute a proper purpose for an executive session under the statute. These two findings were affirmed in the commission's final decisions. The board now appeals the construction of the term "appointment" in § 1-18a (e) (1) in the decisions rendered by the commission on September 9, 1987, and January 13, 1988.

The sole issue before this court is whether the filling of a vacancy in accordance with § 10-219 constitutes an appointment within the meaning of § 1-18a (e) (1). If it constitutes an appointment, then the board was entitled to go into executive session to discuss the candidates. If it did not constitute an appointment, then the discussion should have been open to the public and the defendants Royce, Frede and the Danbury News-Times should not have been excluded from the meeting. Section 10-219 provides: "If a vacancy occurs in the office of any member of the local board of education, unless otherwise provided by charter or special act, such vacancy shall be filled by the remaining members of said board until the next regular town election, at which election a successor shall be elected for the unexpired portion of the term, the official ballot specifying the vacancy to be filled."

The defendants Royce, Frede and the Danbury News-Times claim that the commission's decisions addressing the issue have unanimously held that it is a violation of the act for a public board or agency to go into executive session for the purpose of filling a vacancy on a board or agency that is normally an elective position. Advisory Opinion No. 49, dated August 12, 1981, however, would suggest otherwise. In any event, " 'the construction of a statute on an issue that has not previously been subjected to judicial scrutiny is a question of law on which an administrative ruling is not entitled to special deference.' " *AMAX, Inc.* v. *Groppo,* 17 Conn. App. 82, 87, 550 A.2d 13 (1988), quoting *Schlumberger Technology Corporation* v. *Dubno,* 202 Conn. 412, 423, 521 A.2d 569 (1987).

It is the court's opinion that the term "filling a vacancy" as used in § 10-219 constitutes an "appointment" within the meaning of § 1-18a (e) (1). In at least eight other statutory provisions, the General Assembly employs the term "appointment" to refer to the filling of vacancies in offices that are elected under ordinary circumstances. See General Statutes §§ 9-211, 9-213, 9-221 (a), 9-222, 7-107, 7-343, 7-20 and 12-137. Black's Law Dictionary (5th Ed.) defines "appointment" as "[t]he selection or designation of a person, by the person or persons having authority therefor, to fill an office or public function and discharge the duties of the same. The term 'appointment' is to be distinguished from 'election.' 'Election' to office usually refers to vote of people, whereas 'appointment' relates to designation by some individual or group."

Accordingly, the rulings of the commission are reversed and set aside.