BOARD OF EDUCATION OF THE CITY OF DANBURY *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(13638)
(13639)

PETERS, C. J., SHEA, CALLAHAN, GLASS and SANTANIELLO, Js.

Argued November 7—decision released December 12, 1989

*Ted D. Backer,* with whom, on the brief, was *Richard A. O'Connor,* for the appellants (defendant Danbury News-Times et al.).

*Victor R. Perpetua,* commission counsel, for the appellant (named defendant).

*Robert J. Cathcart,* for the appellee (plaintiff).

PER CURIAM. The sole issue in these consolidated cases is the meaning of the term "appointment" in General Statutes § 1-18a (e) (1)[1] of the Freedom of Information Act. This subsection creates an exception from the act's open meeting provisions to permit a public agency to deliberate, in executive session, for the purpose of "[d]iscussion concerning the appointment . . . of a public officer."

The plaintiff board of education (board) undertook to meet in executive session on two occasions in 1987 in order to discuss candidates for interim board membership. Under the Danbury charter, board members are ordinarily elected to office. General Statutes §§ 9-203 through 9-206a; Danbury Charter § 2-2 (A) (c) (1).[2] In the event of an interim vacancy on the board, however, General Statutes § 10-219 provides that "such vacancy

---

[1] General Statutes § 1-18a (e) provides in relevant part: " 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting. . . ."

[2] Danbury Charter § 2-2 (A) (c) (1) provides: "A board of education, consisting of eleven (11) resident electors of the city. At the first general city

shall be filled by the remaining members of said board until the next regular town election."[3] Pursuant to this authority, the board met on May 12, 1987, and July 9, 1987, to interview candidates to fill vacancies occasioned by the death of one board member and the resignation of another. The board interviewed the candidates for these positions in public session, discussed their suitability in executive session, and filled the vacancies in public session.

The defendants Lynn Royce, Edward Frede and The Danbury News-Times filed two complaints with the defendant Freedom of Information Commission (commission) challenging the legality of these executive sessions. Sustaining their complaints, the commission determined that the board's discussions did not qualify for the statutory exception, because the discussions concerned the filling of vacancies in elective rather than appointive offices. On this basis, the commission ruled that the board had violated General Statutes §§ 1-18a (e) and 1-21 (a), and ordered new special meetings to be held to provide a public forum regarding the interim candidates for membership on the board, and enjoined executive sessions for the filling of future vacancies.

---

election to be held after the effective date of this paragraph as provided in Section 8-13 there shall be elected two (2) members of the board of education for a term of four (4) years and one member for a term of two (2) years. At the second such general city election there shall be elected five (5) members for terms of four (4) years. At the third such general City election there shall be elected six (6) members for terms of four (4) years. Alternately thereafter at each biennial election, there shall be elected five (5) members and then six (6) members who shall hold office for a term of four (4) years to succeed those whose terms expire."

[3] General Statutes § 10-219 provides: "PROCEDURE FOR FILLING VACANCY ON LOCAL BOARD OF EDUCATION. If a vacancy occurs in the office of any member of the local board of education, unless otherwise provided by charter or special act, such vacancy shall be filled by the remaining members of said board until the next regular town election, at which election a successor shall be elected for the unexpired portion of the term, the official ballot specifying the vacancy to be filled."

In the trial court, to which the board had appealed pursuant to General Statutes §§ 1-21i (d) and 4-183, the rulings of the commission were first procedurally consolidated for a joint hearing and then overturned. The court interpreted the term "appointment" in § 1-18a (e) (1) to include the term "filling [a] vacancy" used in § 10-219. In reaching this conclusion, the court relied, in part, on the legislature's use of the term "appointment" in other provisions of the general statutes that address the filling of vacancies in office. Accordingly, the trial court sustained the board's appeals and set aside the decision of the commission.

The commission and the other defendants at trial thereupon filed appeals to the Appellate Court, which this court transferred here pursuant to Practice Book § 4023. These appeals, again consolidated, raise the same issue of law concerning the proper interpretation of § 1-18a (e) (1) that was addressed, with differing outcomes, by the commission and the trial court. In addition, the appeals challenge the propriety of the trial court's seeking interpretative instruction from provisions of the general statutes other than the Freedom of Information Act itself.

After examining the record on these appeals, and after considering the briefs and arguments of the parties, we conclude that there was no error in the judgment of the trial court. The central issue of the relationship between §§ 1-18a (e) (1) and 10-219 was properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. *Board of Education* v. *Freedom of Information Commission,* 41 Conn. Sup. 267, 566 A.2d 1380 (1988). Because that memorandum of decision fully states and meets the arguments raised in the present appeals, we adopt the

trial court's decision as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the discussion therein contained.

There is no error.