[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the defendant, Freedom of Information Commission ("FOIC"), brought pursuant to General Statutes §§ 1-206(d) and 4-183. The plaintiff, David Royce, seeks to reverse the decision of the FOIC in its contested case,Royce v. Freedom of Information Commission, Docket No. FIC.2000-395. The plaintiff claims that the FOIC erred in concluding that the provisions of the Freedom of Information Act were not violated when the Board of Finance for the town of Wesport held an executive session on June 30, 2000 to discuss a vacancy on the board. In the present appeal, the plaintiff argues that the executive session was not lawful because a member of the Board of Finance is not a "public officer" within the meaning General Statutes § 1-200(6)(A) authorizing executive sessions. The town of Westport intervened as a party defendant, absent objection.
The following facts are relevant to this appeal and are undisputed. A member of the Board of Finance resigned because he was leaving the community and a replacement was required. (Return of Record ("ROR"), p. 34.) At a duly noticed meeting on June 30, 2000, the Board of Finance voted unanimously to go into executive session for the purpose of discussing the appointment of a new member to its board. (Return of Record ("ROR"), p. 20.) Ten candidates had already been interviewed in public sessions. (ROR, p. 34.) Immediately following the executive session, a public meeting was held to vote to fill the vacancy. (ROR, p. 18.) After the first nomination failed on a 4-2 vote, the second person nominated was elected to serve the remainder of the departing member's term. (ROR, p. 18.) There is no dispute that the Board of Finance interviewed candidates for the position in public session, discussed their suitability in executive session and filled the vacancy in public session.
General Statutes § 1-200(6) defines "executive session" as "a meeting of public agency at which the public is excluded for one or more of the following purposes: (A) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee provided that such individual may require that discussion be held at an open meeting." This subsection creates an exception from the Freedom of Information Act's open meeting provisions to permit a public agency to deliberate in executive session for purposes of discussion concerning the appointment of a public official. Board ofEducation v. Freedom of Information Commission, 213 Conn. 216 (1989). The CT Page 7391 plaintiff argues that a member of the Board of Finance is not a "public officer" and therefore the Board was not authorized under § 1-200(6)(A) to hold an executive session.
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act ("UAPA"). Dolgner v. Alander, 237 Conn. 272,280 (1996). "The scope of permissible review is governed by § 4-183(j) and is very restricted. See Cos Cob Volunteer Fire Co. No. 1, Inc. v.Freedom of Information Commission, 212 Conn. 100, 104, 561 A.2d 429
(1989); New Haven v. Freedom of Information Commission, 205 Conn. 767,774, 535 A.2d 1297 (1988). . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the defendant. C HEnterprises, Inc. v. Commissioner of Motor Vehicles, 176 Conn. 11, 12,404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles,168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes §4-183(g). New Haven v. Freedom of Information Commission, supra, 773. The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the [agency], [the court] cannot disturb the conclusion reached by [the agency]. Hart Twin Volvo Corporation v.Commissioner of Motor Vehicles, 165 Conn. 42, 49, 327 A.2d 588. See PaulBailey's, Inc. v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 (1975).Lawrence v. Kozlowski, 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Dolgner v. Alander, supra,237 Conn. 280-81." (Footnote omitted; internal quotation marks omitted.)Domestic Violence Services of Greater New Haven, Inc. v. FOIC,47 Conn. App. 466, 469-70 (1998).
Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from the correct application of the law to the facts found and could reasonably and logically follow from such facts. New Haven v. Freedom of Information Commission, 205 Conn. 767,774 (1988). Ordinarily, great deference is given to the construction given a statute by the agency charged with its enforcement. ConnecticutAssn. of Not-for-Profit Providers for the Aging v. Dept. of SocialServices, 244 Conn. 378, 389 (1998.)
The rule allowing executive sessions to discuss interim appointments has long been the law in Connecticut. In Board of Education v. Freedom ofInformation Commission, supra, 213 Conn. 216, the Board of Education met CT Page 7392 in executive session on two occasions in 1987 in order to discuss candidates for interim board membership. The board interviewed the candidates for these positions in public session, discussed their suitability in executive session and filled the vacancies in public session. The Supreme Court, focusing on the meaning of the word "appointment," found that discussion of interim appointments following a vacancy in municipal elected offices may be discussed in executive session pursuant to General Statutes § 1-200(6)(A).
In the present case, the procedure followed by the Board of Finance was lawful and held pursuant to Board of Education v. Freedom of InformationCommission, supra, 213 Conn. 216. The FOIC properly concluded that the executive session of the Board of Finance's discussion of the vacancy was an appropriate purpose within the meaning of § 1-200(6)(A) of General Statutes and Board of Education v. Freedom of Information Commission, supra.
Clearly, elected members of the Board of Finance are public officials. The plaintiff by taking words out of context suggests distinctions that defy logic. By referring to "public officer or employee" in §1-200(6)(A) concerning appointment, employment, performance, evaluation, health or dismissal, it is his claim that this defines public officer. He also claims that a single member of a Board of Finance is not a public officer because he accomplishes nothing unless joined by sufficient other jobs.
The structure of Title 7 of the General Statutes concerning municipalities supports the conclusion that a member of a Board of Finance is a "public officer".
Members of the Board of Finance must be sworn to perform their duties. General Statutes § 3-341. The selectman is required to swear in after an election or appointment any town officers of whom an oath is required by law. General Statutes § 7-12. General Statutes § 7-101a holds harmless any municipal officer while serving, whether elected or appointed, on any board, committee, council, agency or commission member from financial loss while acting in the discharge of his duties. General Statutes § 7-101a. Similarly, General Statutes § 7-103 concerning resignation addresses any elected or appointed town, city or borough officer. General Statutes § 7-103.
The plaintiff's claim that a single member of a multi-member board is not a public officer is also contradicted by a long line of Connecticut case law that a single member of the Board of Education is a public officer. See Keegan v. Thompson, 103 Conn. 418 (1925); Wallingford v.Board of Education, 152 Conn. 568, 573 (1965); Cahill v. Board ofCT Page 7393Education, 198 Conn. 229, 242 (1985).
This court follows the rule established by our Supreme Court in Boardof Education of the City of Danbury v. Freedom of InformationCommission, supra, 213 Conn. 216 and finds that discussion of interim appointments, to fill a vacancy in an elected municipal office may be conducted in executive session.
Accordingly, the FOIC's decision is affirmed and the plaintiff's appeal is dismissed.
OWENS, JUDGE