RICKEY P. MASE *v.* CITY OF MERIDEN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 10—decided November 8, 1972

*William J. Cousins,* for the appellant (plaintiff).

*David E. Schancupp,* for the appellee (defendant).

PER CURIAM. This action was brought by the plaintiff Rickey P. Mase against the defendant city of Meriden to recover damages for personal injuries claimed to have been sustained by the plaintiff as a result of a fall on a public sidewalk within the city limits. The defendant filed a special defense claiming that since the plaintiff was an employee of the city and since his alleged injuries arose out of and in the course of his employment his sole remedy was provided by the Workmen's Compensation Act. The defendant moved for summary judgment and from the granting of that motion and the judgment rendered thereon the plaintiff has appealed.

The affidavit filed in support of the motion for summary judgment and the counter affidavit filed in opposition thereto establish that the plaintiff was employed by the board of education of the city of Meriden on a part-time basis, from 9 a.m. until 2 p.m. five days per week; that his duties were to drive a minibus and make deliveries to various schools in the Meriden school system; that he had been employed on this job since February 27, 1967; that on December 20, 1968, in the course of his deliveries to the schools, he parked his bus on West Main Street in Meriden and, shortly after leaving the bus, apparently fell and injured himself on the public sidewalk on West Main Street; and that the board of education of the city of Meriden and the plaintiff had entered into a written agreement for workmen's compensation coverage for him. It was conceded during argument that he has been receiving benefits thereunder for the injuries he claimed to have suffered from this fall.

The issue presented in this appeal is whether the plaintiff, admittedly a nonprofessional employee of

the Meriden board of education, is, under the Workmen's Compensation Act, an employee of the city so that his action against the city is barred by § 31-284 of the General Statutes.[1] We think he is. In *Wallingford* v. *Board of Education,* 152 Conn. 568, 573–74, 210 A.2d 446, we specifically held that although town boards of education are agencies of the state in charge of education in the towns, members of the board of education are, nevertheless, also officers of the town and that persons employed by the board in the performance of its statutory functions are employees of the town and are thus subject to the provisions of the town charter relating to civil service. Our holding in the *Wallingford* case that persons employed by the board of education are town employees was not limited only to situations where there was a requirement that the board select its nonprofessional employees under those civil service requirements.

There is no error.

---

[1] "[General Statutes] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter."