TOWN OF CHESHIRE ET AL. *v.* JAMES McKENNEY

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

254

Argued June 11—decision released August 19, 1980

*William J. Dolan,* with whom, on the brief, was *Ronald Cordilico,* for the appellant-appellee (defendant).

*John K. Knott, Jr.,* for the appellees-appellants (plaintiffs).

ARTHUR H. HEALEY, J.  In this quo warranto action, brought pursuant to General Statutes § 52-491,[1] the plaintiffs, the town of Cheshire and certain individuals who are councilmen, residents

---

[1] General Statutes § 52-491 provides: "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the superior court may proceed, on a complaint in the nature of a quo warranto, to punish such person or corporation for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law."

and taxpayers of Cheshire, sought to test the defendant's right to hold the position of councilman-at-large while holding a position as a teacher in the town public school system. The plaintiffs alleged that the defendant was not legally entitled to hold a position on the council because of a prohibition in the town charter that states: "No member of the Council shall hold any office or position of profit under the government of the Town of Cheshire." Charter of the town of Cheshire § 3-1.[2] The plaintiffs claimed that the defendant's teaching position in the town school system was a "position of profit under the government of the Town of Cheshire" and that, therefore, the charter prohibited the defendant from holding the position of councilman-at-large on the town council. All the parties agree that the defendant was nominated, elected and sworn into the office of councilman-at-large, although the plaintiffs claim that this was done in violation of § 3-1 of the town charter.

The trial court concluded that the town's board of education, which employed the defendant as a teacher, was an agent of the state and that the defendant was, as a consequence, an employee of the state and not of the town of Cheshire. The court, therefore, concluded that the charter prohibition was not applicable to the defendant. It none-

---

[2] Chapter III § 3-1 of the charter of the town of Cheshire provides: "There shall be a Town Council consisting of nine members, hereinafter referred to as the Council, the members of which shall serve without compensation except for the reimbursement of actual expenses incurred in the performance of official duties. No member of the Council shall hold any office or position of profit under the government of the Town of Cheshire, except Justice of the Peace, nor shall he, during the term of office for which he is elected and for two years thereafter, be appointed to any salaried office or position of profit under the government of said Town."

theless went on to decide that, while the charter did not prohibit the defendant from holding the office of councilman, the doctrine of the separation of the powers of government did. The court based this conclusion on the Connecticut constitution, article second, which states in part that "[t]he powers of government shall be divided into three distinct departments"; on General Statutes § 4-38c, which provides that the *state* board of education is part of the executive branch of government; and on General Statutes § 7-188, which provides that municipalities may adopt a charter pursuant to the Home Rule Act (as did the town of Cheshire) so long as the charter is not inconsistent with the constitution or the statutes. From this decision the defendant has appealed, claiming that the court erred in its conclusion that he did not sustain his burden of proving that he was entitled to the office of councilman-at-large and that the doctrine of separation of powers is applicable to local governments. The plaintiffs filed a cross appeal in which they claim that the court erred in its conclusion that the town charter was inapplicable to the defendant. Because we agree with the plaintiffs' claim on their cross appeal, we find it unnecessary to consider the issue relating to the separation of powers raised in the defendant's appeal.

In a quo warranto proceeding brought pursuant to General Statutes § 52-491, the Superior Court is to proceed to "render judgment according to the course of the common law." See *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 41, 381 A.2d 547 (1977). A quo warranto proceeding under the common law lies only to test the defendant's right to hold office de jure. *State ex rel. Hoerle* v. *Thomas,* 127 Conn. 426, 428, 17 A.2d 514 (1941); *State ex rel.*

*Eberle* v. *Clark,* 87 Conn. 537, 541, 89 A. 172 (1913). In proceedings in the nature of quo warranto, the object is to test the "actual right to the office and not merely a use under color of right." *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 545, 42 A. 636 (1899), and see cases there cited. It is well established that in quo warranto proceedings the burden is upon the defendant to show "a complete title to the office in dispute." *State ex rel. Gaski* v. *Basile,* supra, 38; see *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 616, 136 A.2d 792 (1957); *State ex rel. Wallen* v. *Hatch,* 82 Conn. 122, 125, 72 A. 575 (1909); *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 110, 40 A. 922 (1898).[3]

The question presented in this case, then, was whether the relevant language of the town charter prohibits the defendant from holding simultaneously the positions of councilman on the town council and teacher in the town school system. We do not agree with the trial court's answer to this question and conclude that the charter provision bars the defendant from holding the position of councilman. The trial court, as noted above, concluded that the town board of education is an agent of the state, except as to budgetary matters, and that, therefore, the defendant is an employee of the state. The trial court correctly noted that the furnishing of an education for the public is a state function and duty. *Bridgeport* v. *Agostinelli,* 163 Conn. 537, 550, 316 A.2d 371 (1972); *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 418, 52 A.2d 636 (1947). This duty is placed upon the state by

---

[3] The defendant's claim that he was entitled to a favorable presumption that he holds proper title and that the burden is upon the party seeking the writ to demonstrate that he is not entitled to the office finds no support in this jurisdiction.

article eighth, § 1 of the state constitution[4] and is delegated to local school boards by state statute. See General Statutes § 10-220; *Horton* v. *Meskill,* 172 Conn. 615, 647, 376 A.2d 359 (1977); *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 372, 355 A.2d 265 (1974). There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, § 1. See *Local #1186, AFSCME* v. *Board of Education,* 182 Conn. 93, 100, 438 A.2d 12 (1980); *Cheney* v. *Strasburger,* 168 Conn. 135, 141, 357 A.2d 905 (1975); *Board of Education* v. *Board of Finance,* 127 Conn. 345, 349, 16 A.2d 601 (1940); *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155, 160 A. 902 (1932).

Local boards of education are also agents of the municipality that they serve, however. This court has recognized that "[t]he state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns. *Maitland* v. *Thompson,* 129 Conn. 186, 191, 27 A.2d 160 [1942]." *Wallingford* v. *Board of Education,* 152 Conn. 568, 573, 210 A.2d 446 (1965). General Statutes § 10-240 provides, in part: "Each *town* shall through its board of education maintain the control of all the public schools within its limits."[5] (Emphasis added.) Local boards of education act

---

[4] Article eighth, § 1 of the Connecticut constitution provides: "There shall always be free public elementary and secondary schools in the state. The general assembly shall implement this principle by appropriate legislation."

[5] This portion of General Statutes § 10-240, which does not concern the method by which public schools are financed, was unaffected by our decision in *Horton* v. *Meskill,* 172 Conn. 615, 376 A.2d 359 (1977).

on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits. See also General Statutes § 10-220. Moreover, we have only recently reiterated that the powers of local boards of education are not defined only by state statute, and that a local charter may limit the powers of the local board of education where its provisions are "not inconsistent with or inimical to the efficient and proper operation of the educational system otherwise entrusted by state law to the local boards." *Local #1186, AFSCME* v. *Board of Education,* supra, 101; and see *Wallingford* v. *Board of Education,* supra, 574–75.

The members of local boards of education are invested with the powers of their office by municipal action. They are either elected by local constituencies; General Statutes § 9-203; or, pursuant to the town charter, are appointed by an elected officer or body of the municipality. See, e.g., Charter of the city of New Haven § 173. A local board of education prepares an annual budget for submission to the local board of finance, or other applicable authority, for approval. General Statutes § 10-222. Section 10-222 provides in part: "The money appropriated by any municipality for the maintenance of public schools shall be expended by and in the discretion of the board of education." While the municipality may not exercise direct control over the activities of the local board, the board does expend moneys provided by municipal taxpayers upon the approval of a municipal authority.

Moreover, we have expressly held that members of a local board of education are officers of the

town they serve and that the persons employed by them in the performance of their statutory functions are employees of the town. *Mase* v. *Meriden,* 164 Conn. 65, 67, 316 A.2d 754 (1972); *Wallingford* v. *Board of Education,* supra, 573; *Keegan* v. *Thompson,* 103 Conn. 418, 422–23, 130 A. 707 (1925); see also *Sansone* v. *Bechtel,* 180 Conn. 96, 98, 429 A.2d 820 (1980). Employees of local boards of education are therefore subject to valid provisions of the town charter. *Mase* v. *Meriden,* supra, 67; *Wallingford* v. *Board of Education,* supra, 574–75. Although both *Mase* and *Wallingford* involved nonprofessional employees, there is nothing in the language or the reasoning of those cases that suggests that professional persons in a school system should not also be considered employees of the town. In *Sansone* v. *Bechtel,* supra, we held that "teachers as employees of a town board of education are . . . not employed in the state government." These considerations lead us to the conclusion that local boards of education act on behalf of the municipality they serve as well as in fulfillment of their state mandates and that their professional and nonprofessional employees are employees of the municipality and are subject to valid provisions of the municipal charter. The defendant, therefore, holds a position "under the government of the Town of Cheshire."

The validity of the charter provision involved is not challenged by the defendant.[6] It is apparent, however, that the provision does not impermissibly impinge upon the function of the local board of education in fulfilling its statutory duty respecting

---

[6] Although the defendant did claim by way of special defense that the charter provision involved violated both the state and federal constitutions, he has not pursued that claim before us.

education.[7] See *Wallingford* v. *Board of Education*, supra, 574–75. Nor does the provision encroach upon a field of statewide concern so as to require it to yield to the superior power of the state. See *Larke* v. *Morrissey*, 155 Conn. 163, 174, 230 A.2d 562 (1967); *Wallingford* v. *Board of Education*, supra, 574; see also General Statutes § 7-194 (26) (municipality granted the power to "protect or promote the . . . good government and welfare of the town").

We conclude that the defendant occupies a position of profit[8] under the government of the town of Cheshire, and that the town charter prohibits him from becoming a member of the town council. Although the trial court's decision rests upon mistaken grounds, the result reached was correct for the reasons stated in this opinion and we, therefore, affirm the judgment rendered. See *Favorite* v. *Miller*, 176 Conn. 310, 317, 407 A.2d 974 (1978); *Morris* v. *Costa*, 174 Conn. 592, 597–98, 392 A.2d 468 (1978); Maltbie, Conn. App. Proc. § 36.

There is no error.

In this opinion the other judges concurred.

---

[7] It is interesting to note in this regard that the state has enacted a provision similar to that of the town charter involved here which prohibits a member of a board of education from being employed for compensation by the board of which he is a member. See General Statutes § 10-232.

[8] The defendant does not claim that, assuming the applicability of § 3-1 of the town charter, his teaching position does not constitute a "position of profit." This term, reasonably construed, would include any position for which compensation, including a salary, is received. See *Begich* v. *Jefferson*, 441 P.2d 27 (Alaska 1968); Webster, Third New International Dictionary for definition of "profit." In construing a statute, common sense must be used. *Norwich Land Co.* v. *Public Utilities Commission*, 170 Conn. 1, 4, 363 A.2d 1386 (1975); *Citerella* v. *United Illuminating Co.*, 158 Conn. 600, 609, 266 A.2d 382 (1969).