[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE AND OBJECTION THERETO
The plaintiff brings this section for damages and reinstatement to her teaching position with the defendant. She was employed as a teacher in the Glastonbury school system in 1967 and was so employed in said system until June 30, 1986 as a tenured teacher. The defendant in March of 1986 placed under consideration the termination of her contract of employment in accordance with G.S. 10-151 and on March 24, 1986 the defendant through its Superintendent provided the plaintiff with a statement of the reasons for such consideration. The plaintiff submitted her resignation on May 12, 1986 pursuant to an agreement between the plaintiff and the defendant. The plaintiff alleges that the defendant breached that agreement by failing to prepare a letter of recommendation for a seven (7) month period and then failed to prepare it in conjunction with her legal counsel, and that certain documents which were to be removed permanently from her file were placed in a separate file being maintained by the defendant.
The defendant moves to strike the complaint for failing to state a legally sufficient cause of action in that the defendant has governmental immunity from suit. CT Page 4072
The doctrine of sovereign immunity that the state cannot be sued without its consent applies to officers and agents whose acts represent the state. Sentner v. Board of Trustees,184 Conn. 339, 342; Horton v. Meskill, 172 Conn. 615, 623. Although town boards of education are agents of the state in the exercise of their statutory duty to maintain public schools, they are agents of the municipality which they serve in the expenditure of its budget and the contracts made with teachers as employees of such municipality. Cheshire v. McKenney, 182 Conn. 253,258-60. Therefore a breach of contract between a local board of education and its employees does not subject the state to liability but the local community which may sue or be sued. Cahill v. Board of Education, 187 Conn. 94, 102; LaCroix v. Board of Education, 199 Conn. 70, 78.
For the above reasons the motion to strike is denied and the objection thereto is sustained.
Corrigan, J.