[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
FACTUAL BACKGROUND
Plaintiffs Rodney and Sandra Belanger, parents and co-administrators of the estate of Adam Belanger, individually CT Page 3592 and as administrators, filed a ten count complaint against defendants Town of Glastonbury (Town), the Glastonbury Board of Education (Board), and Christine Lynch for the wrongful death of their decedent son Adam, who was struck by a school bus operated by defendant Lynch as he was disembarking from said bus. Adam later died as a result of his injuries. Counts three and four of the plaintiffs' complaint are directed against the Town. Plaintiffs allege in count three that defendant Town, as the employer and principal of Lynch, is liable for the death of Adam. Plaintiffs allege in count four that the injuries and death of Adam were caused by the negligence of the Town in that the Town negligently failed to maintain the school bus in a safe condition, and it failed to train and supervise Lynch in the operation of the school bus. Count five is directed against defendant Board and alleges that the injuries and death of Adam were caused by the negligence of the Board.
On November 9, 1990, pursuant to Practice Book 151, et seq., defendants Lynch, Town and Board jointly filed a motion to strike, inter alia, counts three, four and five of the plaintiffs' complaint on the ground of legal insufficiency. In moving to strike counts three and four, the defendants claim that such counts are barred by the doctrine of governmental immunity. Defendant Board claims that count five should be stricken for the reason that the "Board of Education is the agent of the state in performing its statutory duties, and is immune from suit under the doctrine of sovereign immunity." Defendants have further moved to strike counts six through ten on the grounds that no cause of action in bystanders emotional distress is recognized under Connecticut law.
ISSUES
I. Whether counts three and four of plaintiffs' complaint against the Town are barred by the doctrine of governmental immunity.
II. Whether count five of plaintiffs' complaint against defendant Board of Education is barred by the doctrine of sovereign immunity, and therefore subject to defendant Boards' motion to strike.
III. Whether a cause of action exists under counts six through ten for bystander emotional distress.
LAW AND CONCLUSIONS
"A motion to strike challenges the legal sufficiency of a pleading." Practice Book 152. Mingachos v. CBS, Inc., 196 Conn. 91, CT Page 3593 108 (1985). "It admits all well pled facts, and if the facts provable under its allegations would support a cause of action, the motion to strike must fail. ." Id. at 108-09.
I. Municipal Governmental Immunity.
"A suit against a municipality is not a suit against the sovereign. Towns have no sovereign immunity and are capable of being sued . . . in any action . . . . Municipalities do, in certain circumstances, have governmental, immunity from liability" Murphy v. Ives, 151 Conn. 254, 264 (1963) (citations omitted); Fukelman v. Middletown, 4 Conn. App. 30, 32 (1985).
Generally, governmental immunity must be specially pleaded. Practice Book 164. Gauvin v. New Haven, 187 Conn. 180, 184
(1982). If, however . . . it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike. Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987).
"Where the municipality through its agents or employee acts in the performance of a governmental duty, it has a limited immunity from liability; [citation omitted] but when the act complained of is ministerial, the municipality is responsible for its negligent execution." Tango v. New Haven,173 Conn. 203, 205 ( 1977). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action . . . see General Statutes 52-557n." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 168 (1988).
General Statutes 52-557n(a) provides:
 (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages CT Page 3594 resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
General Statutes 52-557 provides in part:
 In any action brought by any person for personal injuries received while being transported to or from a school in a vehicle owned, leased or hired by, or operated under contract with, any town, school district or other municipality, it shall be no defense that such transportation is in the line of a governmental duty.
Defendant Town argues in its supporting memorandum of law that count three of the plaintiffs' complaint is legally insufficient because, "a municipality may not be held liable for the negligent acts of its servants, absent explicit statutory authorization providing governmental consent to suit." (defendants' brief pp. 3-4).
The Town's argument misinterprets the law regarding the governmental immunity of municipalities as enunciated by the Connecticut Supreme Court in Murphy v. Ives, supra. In Ives the court explicitly stated that a municipality, unlike the state has no immunity from suit. Id., 264. Therefore, the Town's argument that count three is legally insufficient because it is not authorized by statute is unavailing.
Further, this court is unable to determine from the pleadings whether or not the act complained of is ministerial or discretionary, since the proof of facts might so determine, i.e. that the maintenance of the bus and driver were ministerial rather than discretionary. Therefore, the plaintiffs are, at least, entitled to offer such proof and it would be improper for the court to determine liability as a matter of law. Tango v. New Haven, 204-205.
Accordingly, the defendant Town's motion to strike count three is denied.
Defendant Town further argues that count four of plaintiffs' complaint is legally insufficient because, "the training CT Page 3595 and supervision of a school bus driver are governmental functions pursuant to which the municipality is immune from civil liability." (defendants' reply brief p. 7).
Pursuant to General Statutes 52-557, the Town's argument that the transportation of school children is a governmental duty is unavailing.
Here, again for the reasons previously stated, the court cannot determine the acts to be governmental or proprietary without proof of facts. Tango v. New London, supra.
For these reasons, the defendant Town's motion to strike the fourth count is denied.
II. Immunity of the Board of Education.
Defendant Board argues in support of its motion to strike count five that count five is legally insufficient because, "as an agent of the state, the defendant Board of Education is entitled to claim immunity from suit pursuant to the doctrine of sovereign immunity." (defendants' brief p. 12). This argument was recently raised and rejected by the Superior Court in a similar case, Nunes v. Blake Bus Service, Inc.,3 CLR 149 (January 4, 1991, Mancini, J.). In rejecting this argument, the court reasoned,
 "Although a town board of education is an agent of the state when carrying out the interests of the state, its members are not state but town officers." Sansone v. Bechtel, 180 Conn. 96, 100 (1960). "Local boards of education are also agents of the municipality, that they serve, however." Cheshire v. McKenney, 182 Conn. 253, 258 (1980). "[T]he state, in exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns." Id.
Nunes, 3 CLR at 150.
The court in Nunes also noted that General Statutes10-220 (a) provides in part that each local board of education shall "provide for the transportation of children whenever transportation is reasonable and desirable . . . ."
It has been held that the maintenance of school property is not encompassed within the educational activities of the State. Lostumbo v. Board of Education, 36 Conn. Sup. 293,295 (1980). The amended complaint contains the allegations that the Town owns the bus and that the Board maintains the school transporation system. This court must also conclude CT Page 3596 that the Board is acting as the agent of the Town in fulfilling its statutory mandate to provide school transportation that is reasonable and desirable.
Accordingly, the defendant Board's argument that it is an agent of the State is rejected and its motion to strike count five is denied.
III. Bystander Emotional Distress.
Counts six through ten depend in essence on the viability of bystander emotional distress as a cause of action in Connecticut.
This court has previously analyzed this issue in Seymour, Admr., et al v. Patterson, et al, Superior Court J.D. of Hartford/New Britain at Hartford, No. 364440, Nov. 8, 1990. The pertinent portions of that decision as they apply to this case are incorporated in the discussion that follows:
The plaintiffs allege that Sandra Belanger, although not a witness to the accident, was in the vicinity waiting for her son and, having run to the scene of the accident, viewed her son lying in the street. As a result, it is alleged she suffered emotional distress. (See Seymour case).
The plaintiffs argue that in view of numerous Superior Court decisions based on Maloney v. Conroy, 208 Conn. 392
(1988), and Amodio v. Cunningham, 182 Conn. 80 (1980), our Supreme Court has adopted the view of the California Supreme Court as enunciated in Dillon v. Legg, 68, Cal. 22, 729441 P.2d 912 (1968), and Justus v. Atchison, 19 Cal.3d 564,565 P.2d 122 (1977).
In those cases, the California court allowed such a cause of action when the following criteria were met: "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." Dillon v. Legg, supra, 740-741.
If Dillon v. Legg is the law of this state, the defendants' motion to strike these counts must fail.
The question remaining for this court, therefore is the CT Page 3597 status at this time of the law of bystander emotional distress in Connecticut.
The myriad of Superior Court cases, going both ways on this question, basically turn on each judge's interpretation of the holding in Amodio v. Cunningham, supra, and its predecessor, Maloney v. Conroy, supra. Almost every Superior Court holding such cause of action to exist interprets these cases as holding that our Supreme Court, except in medical malpractice cases, (Amodio and Maloney), has embraced Dillon v. Legg and has adopted the standards therein.
In Strazza v. McKittrick, 146 Conn. 714, 719 (1959), our Supreme Court unequivocally held "[e]ven where a plaintiff has suffered physical injury . . . there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
In both Amodio and Cunningham the court, recognizing a change in the status of the law in California and other states, made a thorough and scholarly analysis of Dillon v. Legg and other pertinent cases. Amodio and Cunningham were, of course, malpractice cases. The instant case is one involving an alleged direct emotional impact.
This court has carefully analyzed both Amodio and Cunningham in an attempt to glean from them some affirmative departure from the court's expressed view in Strazza v. McKittrick, supra, and can find no such departure.
Alluding to its consideration of departing from Strazza in favor of Dillon, the court in Amodio stated, ". . . even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, [the complaint . . . would nonetheless fail to state a cognizate cause of action]." Amodio v. Cunningham, supra, 92.
Similarly, in Maloney v. Conroy, the court reaffirmed its disinclination to follow Dillon when it stated ". . . we are not inclined to follow the lead of California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice . . . ." Id. 397.
Continuing, the court reiterated its view that Strazza continues to be the law in Connecticut when it cited 2 Restatement (Second), Torts 313(2), commented, that only fear of injury to oneself is recognized as actionable, and that one cannot recover for nervous shock from fear of injury to her child." Id. 399-400. CT Page 3598
Lastly, the court concluded that whatever its previous dalliance with Dillon was, (at least in a medical malpractice case), the court should stand firm in its position as enunciated in Strazza. Id. 402.
Inasmuch as this court cannot find in any of the aforesaid opinions any inclination on the part of our Supreme Court to depart from the holding in Strazza, it must find that no such cause of action for bystander emotional distress exists in Connecticut.
Accordingly, the defendants' motion to strike counts six through ten is granted.
FREED, J.