[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this quo warranto action plaintiffs Stephen Deguzis and John Bukowski seek to test defendant Dana N. Jandreau's right to hold the position of Captain of the Fire Department of the City of Bristol. "It is well established that in quo warranto proceedings the burden is upon the defendant to show `a complete title to the office in dispute.'" Cheshire v. McKenney, 182 Conn. 253, 257, quoting State ex rel Gaski v. Basile, 174 Conn. 36, 38.
On January 29, 1991 the plaintiffs and the defendant sat for a promotional examination for the position of Captain of the Bristol Fire Department. All three were eligible to take the exam and all three passed the written test. In addition, all three took an oral exam and passed that as well. The final scores were as follows: Dana J. Jandreau — 85.94; John Bukowski — 85.53; Stephen Deguzis — 84.91. The defendant, having the highest score, was promoted to the position of Captain.
At issue in this case is the answer to question #37 on the written test. There were four possible answers to the question which reads as follows:
 "37. The Supervisor who becomes aware of the existence of a `grapevine' in his work group should?
 a. inform subordinates of all his decisions, thus eliminating the need for a grapevine. CT Page 3501
 b. instruct his subordinates to eliminate this system whenever possible . .
 c. take disciplinary action against those who pass on incorrect information via the grapevine.
 d. utilize the grapevine as an aid to communications."
The plaintiffs answered choice "a," and the defendant answered choice "d". which was determined to be the correct answer by Dr. Craig Zenzian, the consultant who prepared the test. After receiving their test scores the plaintiffs appealed to James Buyer, the Director of Personnel for the City of Bristol, claiming that choice "a" should be the correct answer. James Buyer disagreed with them and let answer "d" stand as the correct answer.
The plaintiffs in the present proceeding claim that answer "a" is the correct answer. In the alternative, they claim that neither answer "a" nor "d" is correct because of their ambiguity and that the entire question should be eliminated from the test. If the plaintiffs are correct, then the defendant would not have received the highest score, and accordingly would not be entitled to the position of Captain.
The court has received a great deal of evidence on this matter. It has studied the question and the possible answers, the applicable provisions of the Bristol City Charter, and the fire department material used in preparing the written exam (Plaintiff's Exhibit D). In addition, it has heard evidence from several witnesses, including the plaintiffs, defendant, and a number of expert witnesses. It is the court's conclusion that answer "d" is the correct answer to question #37.
Expert witness Bruce Davey's analysis of the question and its possible answers, as they relate to the fire department reading material supplied to the test takers, was logical, clear, and highly persuasive. The court can find nothing arbitrary or illegal in the determination by Craig Zendzian, James Buyer, and Bruce Davey, that the correct answer to question #37 is "d".
The court therefore holds that the defendant has met his burden of proof and that he holds the position of Captain of the Fire Department of the City of Bristol by right. Judgment may enter for the defendant, plus costs. CT Page 3502
FRANCES ALLEN SENIOR JUDGE.