[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#115)
The plaintiffs, minor Matthew Kosloff, and his father, Peter Kosloff, as guardian and as an individual, sued various defendants for injuries sustained by the minor while roller skating. The plaintiffs allege the following facts in their one-count complaint. On February 10, 1989, the Fairfield County Council of Boy Scouts sponsored a roller-skating event held at the Middlebrook School in Trumbull. The minor plaintiff suffered injuries when several older and larger children fell on him. The plaintiffs allege that the board of education and its members, through defendant Richard Witten, the school principal, and through defendant Edwin Merritt, the Trumbull school superintendent, as the board's agents, were negligent in that they failed to provide trained employees to supervise the children.
The defendants Witten, Merritt, the Trumbull Board of Education and the board's individual members ("the defendants") moved to dismiss the complaint for lack of subject matter jurisdiction based on sovereign or governmental immunity.
A party may file a motion to dismiss to contest the court's jurisdiction over the subject matter or over the person. Practice Book 143(1) and (2). Usually, a motion to dismiss must be filed within 30 days of the party's appearance. Practice Book 142. However, "[t]he issue of subject matter jurisdiction can be raised at any time." Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 556-57 (1987).
I.) SOVEREIGN IMMUNITY
Sovereign immunity may be asserted in a motion to dismiss as it is "`sufficient bar to the jurisdiction of the court.'" (Citations omitted) Upson v. State, 190 Conn. 622, 625,461 A.2d 991 (1983); see also Barde v. Board of Trustees, 207 Conn. 59,66, 539 A.2d 1000 (1988).
It is well-settled in Connecticut that the state, unless it consents to be sued in a statute, enjoys sovereign immunity from CT Page 1144 suit. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357
(1990). "The protection afforded by this doctrine has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94, 101, 444 A.2d 907 (1982).
 There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, I 1. . . . Local boards of education are also agents of the municipality that they serve, however. . . . Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits.
Cheshire v. Mckenney, 182 Conn. 253, 258-59, 438 A.2d 88 (1980).
"In determining whether a local school board is afforded the protection consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state. . . . The maintenance of school property is not encompassed within the educational activities of the state." R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218-19, 504 A.2d 542 (1986). See also Cahill, supra, 102 (breach of contract by local board does not subject the state to liability).
The plaintiffs allege that the defendants failed to provide trained supervisors at the roller-skating event. This duty is not encompassed within the statutory duties imposed upon local boards pursuant to the state constitution. Based upon the above authorities, neither the board, its employees, nor its members were acting as agents in connection with maintaining control over the school during the roller-skating event. Thus, sovereign immunity does not bar the claim against the defendants.
II.) GOVERNMENTAL IMMUNITY
Governmental immunity of a municipality should be pleaded as a special defense. Gauvin v. New Haven, 187 Conn. 180, 185,445 A.2d 1 (1982). In some circumstances, it may be asserted in a motion to strike attacking the legal sufficiency of the complaint. Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987). Governmental immunity does not affect the court's subject matter jurisdiction and is not properly considered on a motion to dismiss. Scanlon v. City of West CT Page 1145 Hartford, 4 Conn. L. Rptr. 193, 194 (Hennessey, J., May 29, 1991). The motion is denied.
SPEAR, JUDGE