[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#139)
The plaintiffs, minor Courtney Johnson, and her father, Stephen Johnson, as guardian and as an individual, sued the Trumbull Board of Education; Michael Williams, the board's chairperson: and the Lakewood Trumbull Division of the YMCA of Greater Bridgeport for injuries the minor plaintiff received while watching a basketball game at Trumbull High School. The plaintiffs allege the following facts in their eight-count amended complaint. On or about January 11, 1986, the Lakewood-Trumbull YMCA sponsored a basketball game at Trumbull High School. While watching the game, the minor plaintiff "was struck on the head by a support pole holding sports equipment." The minor plaintiff suffered physical and mental injuries, and the plaintiff's guardian has and will incur financial expenses.
In counts one, two, three and four, the plaintiffs further allege that the board of education and the board chairperson ("the defendants") failed to properly maintain and inspect the building and that the placement of the support pole was dangerous and constituted a nuisance. The plaintiffs seek damages.
The defendants moved to dismiss counts one, two, three and four for lack of subject matter jurisdiction based on sovereign CT Page 1139 or governmental immunity. The YMCA defendant is not a party to the motion.
I.) SOVEREIGN IMMUNITY
Sovereign immunity may be asserted in a motion to dismiss as it is "`sufficient bar to the jurisdiction of the court.'" (Citations omitted) Upson v. State. 190 Conn. 622, 625,461 A.2d 991 (1983); see also Barde v. Board of Trustees, 207 Conn. 59,66, 539 A.2d 1000 (1988).
It is well-settled in Connecticut that the state, unless it consents to be sued in a statute, enjoys sovereign immunity from suit. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "The protection afforded by this doctrine has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94, 101, 444 A.2d 907 (1982).
 There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, 1. . . . Local boards of education are also agents of the municipality that they serve, however. . . . Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits.
Cheshire v. Mckenney, 182 Conn. 253, 258-59, 438 A.2d 88 (1980).
"In determining whether a local school board is afforded the protection consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state. . . . The maintenance of school property is not encompassed within the educational activities of the state." R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218-19, 504 A.2d 542 (1986). See also Cahill, supra, 102 (breach of contract by local board does not subject the state to liability).
The plaintiffs allege that the defendants failed to provide trained supervisors at the roller-skating event. This duty is not encompassed within the statutory duties imposed upon local boards pursuant to the state constitution. Based upon the above authorities, neither the board, its employees, nor its members were acting as agents in connection with maintaining control over the school during the roller-skating event. Thus, CT Page 1140 sovereign immunity does not bar the claim against the defendants.
II.) GOVERNMENTAL IMMUNITY
Governmental immunity of a municipality should be pleaded as a special defense. Gauvin v. New Haven, 187 Conn. 180, 185,445 A.2d 1 (1982). In some circumstances, it may be asserted in a motion to strike attacking the legal sufficiency of the complaint. Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987). Governmental immunity does not affect the court's subject matter jurisdiction and is not properly considered on a motion to dismiss. Scanlon v. City of West Hartford, 4 Conn. L. Rptr. 193, 194 (Hennessey, J., May 29, 1991). The motion is denied.
SPEAR, JUDGE