[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Plaintiff Faith Crandall brings this action through her parent and guardian Patricia Crandall against defendants Groton Board of Education ("Board") and Vancom-Connecticut, Inc. The plaintiff, a special education student, alleges that she was subjected to verbal and physical abuse by transportation aides employed by the Board, which caused emotional and physical injuries to the plaintiff.
Count one of the plaintiff's amended complaint states, in pertinent part:
 8. The injuries suffered by Faith Crandall are as result of the negligence of the Groton Board of Education in one or more of the following ways:
 a. Said Board of Education failed to properly screen and hire the transportation aides.
 b. Said Board of Education failed to properly train said aides in the proper treatment of disabled children.
 c. Said Board of Education failed to discipline or remove said aides from the supervision of Faith Crandall when they knew or should have known that those aides had abused Faith Crandall.
 d. Said Board of Education failed to provide appropriate transportation for Faith Crandall as required by Section 10-76d-19 of the CT Page 10230 Connecticut General Administrative Regulations.
The Board has moved to strike count one on the basis of sovereign immunity and governmental immunity.
A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief may be granted. Practice Book 152(1). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grisby,215 Conn. 345, 348 (1990) (citations omitted). The facts are to be construed in the light most favorable to the pleader. Bouchard v. People's Bank, 219 Conn. 465, 471 (1991). If the facts provable under the allegations of the pleadings would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109 (1985). A defendant may raise the doctrine of sovereign immunity on a motion to strike. See Heigl v. Board of Education, 218 Conn. 1, 2
(1991).
The Board argues that it is immune from liability pursuant to the doctrine of sovereign immunity as an agent of the state. In addition, the Board argues that it is immune from liability pursuant to the doctrine of governmental immunity in that all of the acts of negligence alleged in the plaintiff's amended complaint are discretionary in nature.
The plaintiff concedes that the defendant is entitled to the protection of the doctrine of sovereign immunity for the act of providing special education services. The plaintiff argues, however, that the doctrine of sovereign immunity does not apply in the present case because the Board breached its statutory duty to provide transportation in connection with these services. The plaintiff argues further that the Board is not protected by governmental immunity because once the Board implemented a special education program, its function was no longer discretionary since it was bound to provide transportation for that program. The plaintiff also argues that the acts are not discretionary because the Board knew or should have known of the acts of abuse suffered by the plaintiff. CT Page 10231
A local board of education can be an agent of the state for some purposes and an agent of the municipality for others. Id., 3-4 (1991). Thus, a local board of education potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity, sovereign immunity and governmental immunity. Id., 4.
"There is no question but that local boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, 1."[1] Cheshire v. McKenney, 182 Conn. 253, 258 (1980). They are also agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits. Id., 258-59. When acting on behalf of the town, local boards of education are not shielded by the doctrine of sovereign immunity. See, e.g., Kosloff v. Fairfield City Council of Boy Scouts of America,6 Conn. L. Rptr. 88 (February 25, 1992, Spear, J.) (sovereign immunity does not bar a claim against school board by minor plaintiff who was injured when several older and larger children fell on him during a roller-skating event sponsored by a Boy Scouts Council and held at a school, since board was not acting as a state agency in maintaining control over the school with respect to the conduct of the skating event). But see Arvoy v. City of Stamford, 2 Conn. L. Rptr. 317 (August 21, 1990, Lewis, J.) (sovereign immunity bars claim against school board by plaintiff student who was assaulted by another student on the grounds of a high school, since board of education while performing its educational functions is a state agent).
The complaint alleges negligence against the Board for failure to properly hire, train and discipline aides, and for failure to provide appropriate transportation as required by10-76d-19 of the Connecticut General Administrative Regulations. General Statutes 10-76a et seq. govern special education programs. In developing and maintaining a special education program, a board of education acts under state mandate, and, thus, as an agent of the state. See Cheshire v. McKenney, supra, 258.
Section 10-76d-19 states:
Each board of education shall, provide, as a CT Page 10232 related service, safe and appropriate transportation as required to implement the individualized education program for each child requiring special education and related services
. . . .
 (d) Transportation aides. Each board of education shall provide transportation aides where such aides are ascertained to be necessary to ensure safe and appropriate transportation. A transportation aide shall be assigned to each vehicle transporting a child whose individualized education program specifies the need for such an aide.
The Board provided transportation aides for the plaintiff and in doing so acted as an agent of the state.
Because the allegations in the present case involve duties or activities for which the Board is responsible as a state agent, the doctrine of sovereign immunity applies and the Board's motion to strike count one of the plaintiff's amended complaint must be granted on such grounds.
Inasmuch as the motion to strike count one must be granted on the grounds of sovereign immunity, it is not necessary to address the issue of governmental immunity.
For the reasons stated above, the court grants the defendant's motion to strike count one.
Heller, Heller McCoy for plaintiff.
Fazzone, Nuzzo, Baillie for defendant.