[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
 FACTS
The plaintiffs, who are taxpayers and electors of the Town of Stonington, filed this action on February 16, 2000, seeking writs of quo warranto and mandamus. The plaintiffs allege in their complaint that the defendant Board of Selectmen of the Town of Stonington, on or about January 12, 2000, voted to appoint the defendant Robert Granato to serve as a member of the Town's Planning and Zoning Commission. The plaintiffs further allege that at the time he was appointed, Granato had already served as a member of the Planning and Zoning Commission for the maximum period allowed by the Town's ordinance, and that Granato is therefore exercising the rights, powers, and privileges of the office illegally. By the quo warranto count of the complaint, the plaintiffs seek to have Granato demonstrate by what warrant he claims to hold office. SeeCheshire v. McKenney, 182 Conn. 253, 256-57, 438 A.2d 88 (1980). By the mandamus count the plaintiffs request the court to appoint a qualified individual to fill the position now occupied by Granato. CT Page 10133
On April 3, 2000, the defendants filed an answer. The defendants deny that Granato, when appointed in January, had already served the maximum term of office permitted by ordinance, and that Granato is serving on the Planning and Zoning Commission illegally. The defendants admit the other allegations of the complaint.
The defendants filed the present motion for summary judgment on April 26, 2000. In their motion, the defendants state that they are entitled to judgment as a matter of law on the quo warranto count because Granato's appointment to the Planning and Zoning Commission is lawful under the clear and unambiguous language of the ordinance governing Commission members' term limits. The defendants also claim that the motion should be granted as to the mandamus count because the plaintiffs have an adequate remedy at law. The defendants and plaintiffs have filed memoranda of law and documentary evidence in support of their respective positions.
 DISCUSSION
The standard to be applied to a motion for summary judgment is well established. "Practice Book § 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
There is no disagreement between the plaintiffs and defendants as to the material facts of this case. The parties agree that Granato completed his second full consecutive term on the Planning and Zoning Commission on September 30, 1999. The parties also agree that on January 12, 2000, Granato was appointed to fill a vacancy on the Commission. The disagreement between the parties involves the application to these facts of the Town's ordinance limiting the term of office for members of the Commission. "[T]he interpretation of a charter or ordinance is a question of law." Fennel v. Hartford, 238 Conn. 809, 826, 681 A.2d 934 (1996).
The ordinance at issue in this case provides in part as follows: "No regular or alternate appointee to the Inland Wetlands and Water Courses Commission, Planning and Zoning Commission, or the Zoning Board of Appeals shall serve more that two (2) consecutive full three (3) year terms in the same capacity (regular or alternate)." ORDINANCE RE: MEMBERSHIP ON LAND USE COMMISSIONS § 4, adopted March 2, 1987. "An CT Page 10134 ordinance is a legislative enactment of a municipality. . . . An ordinance is subject to the same canons of construction as are applied to state statutes." (Citations omitted.) Blue Sky Bar, Inc. v. Stratford,203 Conn. 14, 19-20 n. 7, 523 A.2d 467 (1987).
"[A] basic tenet of statutory construction is that when a statute . . ., is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) Oller v. Oller-Chiang, 230 Conn. 828,848, 646 A.2d 822 (1994). "To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further." Sanzone v.Board of Police Commissioners, 219 Conn. 179, 187, 592 A.2d 912 (1991). Both the defendants and the plaintiffs maintain that the language of the applicable ordinance is unambiguous. The defendants argue that the ordinance provides that an individual may serve more than two terms on the Planning and Zoning Commission, so long as the number of full terms served consecutively does not exceed two. Under the defendants' interpretation, therefore, the reappointment of Granato on January 12, 2000 was not a violation of the ordinance, because the additional term was not consecutive to his previous term, which ended in September 1999[1] The plaintiffs also argue that the statute is unambiguous. According to the plaintiffs, the ordinance establishes an absolute term limit of "two (2) consecutive full three (3) year terms." They argue that once Granato completed two consecutive full terms, he exhausted the maximum term allowed by the ordinance and was thereafter ineligible to serve on the Commission.
"A word or statute is ambiguous when capable of being interpreted by reasonably well-informed persons in either of two or more senses." (Internal quotation marks omitted.) Federal Aviation Administration v.Administrator, 196 Conn. 546, 554, 494 A.2d 564 (1985). Because both the defendants' and the plaintiffs' interpretations are reasonable readings of the ordinance, the court finds that the ordinance is ambiguous. "If . . . the statute is ambiguous, e.g., either opaque or susceptible to alternative conflicting interpretations, we will seek guidance from "extrinsic aids,' e.g., the legislative history." Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 187. "It is well established that in discerning legislative intent, we consider the statute's specific language, the legislative policy that the statute was designed to implement, the history surrounding the statute's enactment and the statute's relationship to existing legislation." Civardi v. Norwich,231 Conn. 287, 294-95, 649 A.2d 523 (1994).
The plaintiffs have submitted a sworn affidavit by Peter Dibble, a former First Selectman of the Town of Stonington. Dibble states that he was the "principal draftsman" of the 1987 ordinance at issue in this CT Page 10135 case, and that he believes that the reappointment of Granato "violated the letter and spirit of the law." The plaintiffs urge the court to accept these statements as evidence of the intent underlying the enactment of the ordinance. It is a basic rule of statutory construction, however, that "[p]ost-enactment views of those involved with the legislation should not be considered when interpreting the statute. . . . While contemporaneous sponsor statements are frequently used as extrinsic aids to legislative intent, post enactment statements of legislators on legislative intent have been disapproved. They are of limited legal value to an understanding [of] the clear meaning and legal effect of statutes." 2A J. Sutherland, Statutory Construction (6th Ed. Singer 2000) § 48:20, pp. 488-89; see also General MediaCommunications, Inc. v. Cohen, 131 F.3d 273, 283 n. 13 (2d Cir. 1997), cert. denied, 524 U.S. 951, 118 S.Ct. 2367, 141 L.Ed.2d 736 (1998);Cavallo v. Utica-Watertown Health Ins. Co., 3 F. Sup.2d 223, 230
(N.D.N.Y. 1998); New Jersey Coalition of Health Care Professionals, Inc.v. New Jersey Department of Banking and Insurance, 723 A.2d 1063, 1091
(N.J.Super.Ct.App.Div. 1999). Therefore, Dibble's affidavit will not be considered as evidence of the intent of the Board of Selectmen in enacting the ordinance.
Two of the plaintiffs, Gail A. Shea and Dora Hill, have also submitted affidavits in which they reiterate their understanding that the ordinance creates an absolute limit of two full terms. Shea's affidavit discusses past statements and actions of the Board of Selectmen that Shea claims indicate that the Board agreed with the plaintiffs' interpretation of the ordinance. Specifically, Shea's affidavit describes an occasion on which the Board of Selectmen did not permit a Planning and Zoning Commission member, Jack Steel, to serve an additional term after he had already served two full terms.[2] The defendants have submitted the affidavit of Donald R. Maranell, First Selectman of the Town of Stonington, who claims that on several occasions, individuals have served additional terms pursuant to the ordinance after serving two full consecutive terms. In response, the plaintiffs have submitted additional affidavits disputing the allegations of the defendants' affidavits. Even if the evidence on these matters were not in dispute, it would still be irrelevant. As stated above, the meaning of the ordinance is a question of law, and past interpretations by the Board of Selectmen do not resolve the question any more than the Board's current interpretation.
The history of the text of the ordinance, however, strongly supports the defendants' interpretation of the statute. As originally enacted in 1985, the ordinance provided, "No regular or alternate appointee to the Inland Wetlands and Water Courses Commission, Planning and Zoning Commission, or the Zoning Board of Appeals shall serve more that one (1) consecutive full three (3) year term in the same capacity (regular or CT Page 10136 alternate)." ORDINANCE RE: Membership and term of office of the Inlands Wetlands and Water Courses Commission, the Planning and Zoning Commission and the Zoning Board of Appeals § 4, adopted May 4, 1985. The 1987 amendment, therefore, kept the 1985 language intact, with the only change being the substitution of "two (2) consecutive full three (3) year terms" for "one (1) consecutive full three (3) year term."
While the 1987 ordinance is ambiguous on its face because the defendants' and plaintiffs' interpretations are both reasonable, the 1985 version of the ordinance is unambiguous, because the plaintiffs' interpretation is unreasonable as applied to that version of the ordinance. As discussed above, the plaintiffs interpret the phrase "two . . . consecutive full three . . . year terms" in the 1987 ordinance as setting out a maximum term of office. According to the plaintiffs' interpretation, any individual who has served two consecutive full three year terms may never again serve on the Commission. Applying this same interpretation to 1985 ordinance, however, leads to an absurd result. Under the plaintiffs' interpretation, the phrase "one . . . consecutive full three . . . year term" would be understood to be the maximum term of office; once an individual had served "one . . . consecutive full three . . . year term," he or she could never again serve on the commission. The word "consecutive" is superfluous and absurd under this interpretation, because there is no such thing as one consecutive term. See supra note 1. "We presume that the legislature had a purpose for each sentence, clause or phrase in a legislative enactment, and that it did not intend to enact meaningless provisions." Turner v. Turner,219 Conn. 703, 713, 595 A.2d 297 (1991). "Each word used by the legislature should be given effect. . . ." (Internal quotation marks omitted.) Ganim v. Roberts, 204 Conn. 760, 763, 529 A.2d 194 (1987).
The defendants' interpretation, on the other hand, is reasonable when applied to the 1985 ordinance. Under the defendants' interpretation, the 1985 ordinance provides that an individual may serve more than one term only if the terms are non-consecutive, or if only one term is a full term. Because this is the only reasonable interpretation,[3] the 1985 version of the statute is unambiguous. As discussed above, the only effect of the 1987 amendment was to change "one . . . year" to "two years." The structure and wording of the provision was otherwise unchanged. When a word or phrase is used in one legislative enactment and is subsequently used in another enactment dealing with the same subject matter, the word or phrase should be given the same meaning unless there is some indication that the legislative body intended a change in meaning. Board of Public Utilities Commissioners v. Yankee Gas ServicesCo., 236 Conn. 287, 295, 672 A.2d 953 (1996). See also 82 C.J.S. 467, Statutes § 352 (1999). Because the ordinance in the present case was unchanged in 1987 other than the increase from one year to two years, it CT Page 10137 is presumed that the rest of the language retained its earlier meaning.
Because the 1987 version of the ordinance must be given the same interpretation as the 1985 version, the ordinance provides that an individual may serve more than two terms on the Zoning and Planning Commission of the Town of Stonington, so long as no more than two full terms are consecutive. In the present case, the parties agree that Granato has served two full consecutive terms and that there was a break between the second of those terms and Granato's current term. Granato's current term is therefore not consecutive to his previous terms, and his reappointment to the Planning and Zoning Commission was not a violation of the ordinances of the Town of Stonington.
 CONCLUSION
The defendants have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Consequently, the defendants' motion for summary judgment is granted as to the first count and the application for a writ of quo warranto is denied. Because the second count, seeking a writ of mandamus ordering the Board of Selectmen to appoint a qualified individual to the Planning and Zoning Commission, is rendered moot by the judgment on the quo warranto count, the second count is hereby dismissed.
MARTIN, J.