## Hazel Cole's Appeal from Probate
### (Estate of Ferris Cole)

Superior Court     Litchfield County     File No. 13499

Memorandum filed October 16, 1952.

*Michael V. Blansfield,* of Waterbury, for the Plaintiff.

*Carmody, Larkin & Torrance,* of Waterbury, specially for Colonial Trust Company, Administrator.

Molloy, J. The appellant, Hazel Cole, moved an appeal and did appeal, on the 16th day of June, 1952, from an order and decree of the Probate Court for the district of Woodbury appointing the Colonial Trust Company of Waterbury administrator of the above-mentioned estate. On June 25, 1952, the Colonial Trust Company filed a plea in abatement and to the jurisdiction. On July 8, 1952, "The Appellant, Hazel Cole" filed "Reasons of Appeal," and then on September 18, 1952, she demurred "To Plea in Abatement."

In the note to § 80 (1) of the Practice Book, 1951, concerning "Plea in abatement, including such a plea entitled 'to the jurisdiction,' " it is said, "[I]t clearly was intended to abolish pleas to the jurisdiction as such and bring all such defects within the scope of the plea in abatement." So that while the demurrer is "To Plea in Abatement," it comprehends also the plea to jurisdiction; and it is this demurrer which must be considered and decided now, and not other questions as to the validity or legal correctness of

what the appellant has done or her right to do so as the divorced wife of the decedent with custody of the minor children.

General Statutes § 7813, is clear. It provides: "The defendant pleads in abatement, because (Here state all the particular exceptions to the jurisdiction, and causes of abatement . . .). And therefore he prays judgment." The first ground of demurrer is that the plea in abatement does not pray for judgment as required in § 7813. Such is the fact. "The plea did not contain a prayer for judgment, and for this reason was undoubtedly bad." *Mitchell* v. *Smith*, 74 Conn. 125, 127. A plea in abatement in this court which contains no prayer for judgment is demurrable for that omission. *Coughlin* v. *McElroy*, 72 Conn. 444.

It would appear, therefore, that the first ground of demurrer is valid and sustainable. The discussions in the oral arguments and in the briefs were taken up for the most part with the legal standing of the appellant, Hazel Cole, to take the appeal. The court is not concerned with that question now. It is concerned with the defect in the plea in abatement and to the jurisdiction. The other questions discussed will have to await a hearing on the merits. This is so as relates to the second ground of demurrer. As to the third ground, it would seem that the special appearance noted on the plea is sufficient.

The demurrer is sustained for the reasons stated.