STATE EX REL. REPAY ET AL. *v*. ALAN B. FODEMAN

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 147162
                         AT BRIDGEPORT

Memorandum filed August 29, 1972

*James M. Kearns,* of Bridgeport, for the plaintiffs.

*Robert R. Goldberger, Daniel Scheprow* and *Stuart M. Sheiman,* all of Bridgeport, for the defendant.

ZARRILLI, J. In a quo warranto proceeding, the plaintiffs, Joseph R. Repay, Andrew Gottfried, John P. Clyons and Shirley Santoro, seek to oust the defendant, Alan B. Fodeman, from his office as a member of the board of aldermen for the 132d district, to which he has been duly elected for the period terminating November, 1973, on the ground that he has moved from his residence within the district to the town of Fairfield, Connecticut.

By way of a plea in abatement, the defendant questions the jurisdiction of this court to hear the matter for the following reasons: "(a) Under the provisions of § 52-491 of the Connecticut General Statutes, the Superior Court may proceed, by information in the nature of Quo Warranto, when any person or corporation usurps the exercise of any office. (b) The defendant is excluded by the definition of a usurper of a public office and by the allegations contained in the plaintiffs' writ from the purview of this jurisdictional statute. (c) The Charter of the City of Bridgeport provides, inter alia, that the Common Council of said City has exclusive jurisdiction over questions related to qualifications to hold or to enjoy public office, which arise during the term of office, as an Alderman in said Common Council. (d) Under the circumstances of this case, an assumption of jurisdiction by the Superior Court would constitute a violation of the separation of powers provisions of the Constitution of the State of Connecticut and of the United States." This court cannot agree.

The defendant by his claims loses sight of the fact that the purpose of a quo warranto proceeding against a public officer is to determine whether he is entitled to hold the office and to discharge its functions. The writ is directed against him personally and not against the office itself. 65 Am. Jur. 2d, Quo Warranto, § 19.

The applicable charter provision of the city of Bridgeport is 1967 Special Act No. 213, § 3, which provides in pertinent part that "[s]uch aldermen shall be residents and electors in the voting district which they represent and shall hold office for two years." 33 Spec. Laws 197 § 3.

Section 52-491 of the General Statutes empowers this court in a quo warranto proceeding to take action against any person who usurps the exercise of any office and to render judgment according to the course of the common law. Consequently, under the force of this statute, the Superior Court in a quo warranto action may determine the eligibility of an incumbent to hold office on the ground that he is a nonresident. See *United States ex rel. Frizzell* v. *Newman,* 42 App. D.C. 78.

There is no merit to the defendant's claim that on the basis of the allegations in the complaint his status is one of a de facto officer and that on that ground he cannot be held to be a usurper exercising the functions of an office, thus depriving this court of jurisdiction to hear the matter. When the defendant removed himself from the 132d district and took up residency in the town of Fairfield during the term of his office, he became disqualified to represent the ward by which he was elected, and he thereby forfeited his right to that office. *State ex rel. Johnston* v. *Donworth,* 127 Mo. App. 377; *State ex rel. Hartford* v. *Craig,* 132 Ind. 54. For other cases, see 36 Century Digest, Municipal Corporations § 338. "Eligibility to public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office. The fact that the candidate may have qualified at the time of his election is not sufficient to entitle him to hold the office, if at the time of the commencement of the term or during the continuance of the incumbency he ceases to be qualified." 63 Am.

Jur. 2d 654, Public Officers and Employees, § 42; see note, 88 A.L.R. 812, 828. Where residential requirements for the holding of public office are imposed by statute, they are controlling. 63 Am. Jur. 2d, Public Officers and Employees, § 47. "Thus, county officers . . . may be required to be residents of the county, and city officers to be residents of the city or of a particular part of the city, as where councilmen are required to reside in the ward from which they are chosen." 42 Am. Jur. 914, Public Officers, § 45. See also *Hackett* v. *New Haven,* 103 Conn. 157, 171, where the question arose, in an injunction proceeding, as to the legal interpretation of the words in the New Haven city charter requiring a member of the board of finance to be "a resident elector of the city." Our Supreme Court there held: "The phrase went into the law . . . to accomplish a very definite purpose, that is, to provide that in an office like that of the member of the finance board, the actual residence of the officer shall be in the city, where he may be in readiness for attention to the duties of the office with regularity and promptness, that is, in the language of the market place 'on the job.' "

Nor is there any merit to the defendant's contention that the plaintiffs have failed to exhaust the administrative remedies available to them and that a trial by this court of the question raised in the information would be an infringement upon the coordinate branches of government in violation of article second of the constitution of Connecticut. While § 52 of the charter of the city of Bridgeport provides that the "common council may determine its rules of proceeding in conformity to the general principles of parliamentary law, may punish members for disorderly behavior, and may, by a two-thirds vote of all the aldermen, expel a member for cause"; 33 Spec. Laws 198 § 5; it is the considered

opinion of this court that the power of expulsion for cause is limited to acts of misfeasance or nonfeasance by the offending member and does not extend to questions concerning his right to hold an office as a de facto or de jure officer. The force of this court's conclusion in this regard is derived from such cases as *Hinckley* v. *Breen,* 55 Conn. 119, 121, holding that title to an office can only be tried by a writ of quo warranto; and *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 376, holding that the "writ of *quo warranto* is the form of action specially adapted to try the right to an office." See also *Scully* v. *Westport,* 145 Conn. 648, 652, to the effect that quo warranto "is the exclusive method of trying the title to an office, which was the fundamental purpose of the plaintiff's action."

Apparently, Connecticut follows the majority rule that "unless the law provides to the contrary, an officer elected by popular vote for a definite period can be removed from office only by impeachment, or by judgment of forfeiture of a competent judicial tribunal." 4 McQuillin, Municipal Corporations § 12.231 (3d Ed. Rev. 1968).

With respect to the claim of separation of powers raised by the defendant, reference is made to *United States ex rel. Frizzell* v. *Newman,* 42 App. D.C. 78, 98, which makes the issue crystal clear that the matter to be here decided is legal and judicial.

Parenthetically, it may be well to note at this time that the defendant's plea is defective in that he has failed to include therein a prayer for judgment. "There must be a request that the case be struck or abated. Otherwise it is demurrable, for merely pointing out the defect is not enough." 1 Stephenson, Conn. Civ. Proc. § 79, p. 163; *Wooley* v. *Williams,* 105 Conn. 671, 675; *Coughlin* v. *McElroy,* 72 Conn. 444, 448; *Cole's Appeal,* 18 Conn. Sup. 154,

155.   Since, however, the omission has not been questioned by the plaintiffs, and in view of the court's decision on the merits of the plea, the defect is harmless and of no consequence.

The plea in abatement is overruled.