[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: QUO WARRANTO
This quo warranto action challenges defendant Arlyne Fox's right to remain a member of the Inland, Wetlands and Water Courses Commission ("IWWC") of the Town of Trumbull. Quo warranto challenges a person's right or title to office under Connecticut General Statutes 52-491 which provides, in relevant part:
 "[when] any person . . . usurps the exercise of any office . . . the superior court may proceed, CT Page 3490 on a complaint in the nature of quo warranto, to punish such person . . . according to the course of common law. . . ."
The case was submitted to the court on the following stipulation of facts:
1. The defendant, Arlyne Fox, at all times mentioned herein, was and is a resident of the Town of Trumbull, residing at 300 Tashua Road, Trumbull, Connecticut.
2. The defendant, Arlyne Fox, was reappointed to the Conservation Commission by Trumbull First Selectman, Paul S. Timpanelli, on December 23, 1985, for a term extending until December 2, 1991.
3. The defendant, Arlyne Fox, was appointed to the Inland/Wetlands and Water Courses Commission by Trumbull First Selectman, Morag L. Vance, and was approved by the Trumbull Town Council on or about March 7, 1988.
4. The term on the Inland/Wetlands and Water Courses Commission, for which the defendant, Arlyne Fox, was appointed and approved, extended until December 3, 1990.
5. When appointed to the Inland/Wetlands and Water Courses Commission and approved by the Trumbull Town Council, the defendant, Arlyne Fox, was a member of the Conservation Commission and was appointed from among the membership of the Conservation Commission.
6. On December 13, 1991, the defendant, Arlyne Fox, was replaced as a member of the Conservation Commission by Gary Oppedisano, who was appointed to the Conservation Commission by Trumbull First Selectman, David A. Wilson.
7. Since December 3, 1990, no member of the Conservation Commission has been approved by the Trumbull Town Council to replace the defendant, Arlyne Fox, as a member of the Inland/Wetland and Water Courses Commission.
8. At all times mentioned herein, the charter of the Town of Trumbull was that approved November 3, 1981, effective November 3, 1981. The parties agree that the charter of the Town of Trumbull shall be an exhibit in this matter. CT Page 3491
Plaintiff contends that membership on the Conservation Commission is a qualification for defendant's membership on the IWWC. As defendant is no longer a Conservation Commission member, she is no longer qualified to sit on the IWWC end the position should be declared vacant.
Defendant claims that this is simply a matter of an IWWC member properly holding over under charter provision until a successor is chosen. The Trumbull Town Charter provides that a vacancy can only occur in one of the following four ways: death, resignation, cessation of residence or ceasing to be an elector of the town. Trumbull Town Charter, chapter VIII, 5. Defendant claims that as none of the four events triggering a vacancy has occurred, there simply is no vacancy. Although defendant's term has expired, she contends that she has a right to hold office until a successor is appointed.
The court agrees with plaintiff's analysis that membership on the Conservation Commission is a matter of qualification for the office defendant holds. One who is no longer qualified to hold a public office has no right to continue in that office whether the term has expired or not. The holdover provision is irrelevant. State ex rel repay v. Fodeman, 30 Conn. Sup. 82 (1972), is instructive. An alderman of the City of Bridgeport moved to Fairfield after he was elected. In a quo warranto action challenging his right to remain in office, the court held that, as the charter of the City of Bridgeport required aldermen to be residents and electors of the districts they represented, the defendant alderman was no longer qualified and, therefore, had no right to continue to hold office. The principle on which the court relied is set out at page 84, quoting from 63 Am.Jur.2d 654 42;
 Eligibility to public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office. The fact that the candidate may have qualified at the time of his election is not sufficient to entitle him to hold the office, if at the time of the commencement of the term or during the continuance of the incumbency he ceases to be qualified. (Emphasis supplied.) CT Page 3492
The Trumbull Town Charter provides for the composition of the IWWC in chapter VII, 7A(1):
 "One (1) member each shall be appointed from among the members of the Planning and Zoning Commission, the Flood and Erosion Control Board, and two (2) members from the Conservation Commission. The terms of office of the aforementioned four (4) commission members shall be concurrent with their terms on their respective boards or commissions. . . ." (Emphasis supplied.)
Rules of statutory construction apply in construing a municipal charter. Arminio v. Butler, 183 Conn. 211, 217
(1981). A municipal charter must be read in its entirety, its parts reconciled and a reasonable construction given to its provisions. Cisio v. City of Shelton, 35 Conn. Sup. 645
(1978).
Black's Law Dictionary (Rev. 4th Ed.) defines concurrent as "running together." Words in a charter are to be given their commonly understood meaning. Kilpatrick v. Board of Education of Fairfield, 206 Conn. 25 (1988). The word "concurrent" has the commonly understood meaning as defined in Black's Law Dictionary.
The charter scheme obviously envisions input from these various members of other commissions. Such input is only available as long as they remain members of their respective commissions. The charter provision requires that a member of the IWWC appointed from the Conservation Commission shall serve only as long as that person remains a member of the Conservation Commission, and a charter "must be applied as its words direct. Frazier v. Manson, 176 Conn. 638, 643 (1979).
Defendant argues that she has not been replaced because of political "gridlock" in the town government. She posits that an IWWC without a full complement of members could lead to many difficulties, legal and otherwise.
Burwell v. Board of Selectmen, 178 Conn. 509 (1979) states at page 519:
As the language of the charter plainly and CT Page 3493 adequately expresses the intentions of its drafters, it must be given effect, and the fact that the charter may be difficult in administration does not justify placing alternative constructions upon it. (Emphasis supplied.)
Responsibility for appointing and confirming a member of the IWWC rests squarely with the designated elected officials. Their failure to meet their responsibilities, for whatever reason, cannot justify disregarding a mandate of the charter.
The court finds that defendant is no longer qualified to be a member of the IWWC and declares the office vacant.
E. EUGENE SPEAR, JUDGE