[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Christopher J. Meyer, filed his complaint in the nature of quo warranto, on October 11, 1996, against the defendants, John W. Collins, Paul G. Miffitt, and Donald S. Weglarz. On the same day and in a related case, Docket # 62011, the plaintiff filed his complaint in the nature of mandamus, against the defendants, Town of Vernon, Tony Muro, Edward Slattery and Rudolf Rossmy. Both the plaintiff's mandamus complaint and his quo warranto complaint allege the following facts.
On May 5, 1995, the plaintiff applied to take an examination for the position of sergeant in the Vernon Police Department. On May 30, 1995, the plaintiff sat for the written portion of the exam and the plaintiff took the oral portion on June 13, 1995. Pursuant to the Personnel Rules Regulations of the Town of Vernon, ("Personnel Rules"), § 8.2(I), the defendants, Slattery and Rossmy, published the certification list to fill vacancies for the position of sergeant. The list ranked the respective eligibility of the examinees as follows: the defendant, CT Page 1199 Collins, first; the defendant, Miffitt, second; the plaintiff, third; and the defendant, Weglarz, fourth. The list was established June 21, 1995 and was set to expire June 30, 1997; a duration of more than two years.
On July 20, 1995, the defendant, Slattery, as the former mayor of Vernon, appointed the defendants, Collins and Miffitt, to the rank of sergeant from the list. On September 10, 1996, the defendant, Muro, as present mayor of the town of Vernon, appointed the defendant, Weglarz, to sergeant effective, September 29, 1996. The plaintiff was effectively passed over for promotion because the fourth applicant on the list was sworn in as sergeant even though the plaintiff had the ranking of third on the list.
The plaintiff argues that Personnel Rule § 8.2(K) mandates the list be effective for only one year and can only be extended for another year by the mayor. Since, pursuant to the Charter of the Town of Vernon, Chapter XIV, § 3, the Personnel Rules are to have the force of law, the plaintiff claims that the certification list is unlawful and invalid. Therefore, the plaintiff claims that any and all appointments pursuant to the certification list were unlawful because the list was improperly published for more than two years and therefore could confer no authority to appoint anyone.
In his mandamus complaint, the plaintiff asks the court for an order requiring the defendants to abolish the illegal certification list, administer another promotional examination for the position of sergeant and compile a list in accordance with the law. The plaintiff's quo warranto complaint requests that the court require the defendants, Collins, Miffitt and Weglarz, answer to the court by what warrant they claim to hold the office of sergeant and exercise its rights, powers and privileges.
On December 18, 1996, the plaintiff moved to add a party plaintiff and amend his complaint to include the second plaintiff, Paul E. Meyer. The motion was granted. The second count of the plaintiffs' amended complaint alleges the identical facts as the original complaint but adds Paul E. Meyer as a party-plaintiff in count two.
 I
The plaintiff requests in his quo warranto complaint that the court invalidate the appointments of the sergeants made pursuant to the published certification list. By way of his mandamus complaint, the plaintiff then requests the court to order that a new sergeant examination be administered in order to fill the vacant positions. By the plaintiff's CT Page 1200 own admission, the mandamus action does not become relevant unless he is successful in his complaint for quo warranto.
"A quo warranto proceeding under the common law lies only to test the defendant's right to hold office de jure." Cheshire v. McKenney,182 Conn. 253, 256, 438 A.2d 88 (1980). In order for a quo warranto action to lie, however, the plaintiff must first prove that a de jure office exists. Id. "In order for a governmental position to constitute a public office falling under the quo warranto statute, two conditions must exist: (1) it must have its source in a sovereign authority speaking through the constitution or legislation; and (2) its incumbent, by virtue of his incumbency, must be invested with some portion of the sovereign power which he is to exercise for the benefit of the public." Carleton v.Civil Service Commission, 10 Conn. App. 209, 212, 522 A.2d 825
(1987). Police officers are public officials whose title to office may be challenged by quo warranto. Civil Service Commission v. Pekrul,41 Conn. Sup. 302, 308, 571 A.2d 715 (1989).
The purpose of a quo warranto proceeding against a public officer is to determine whether he is entitled to hold the office and discharge its function. Id. It may not be used, however, to challenge the appointment of a mere governmental employee. New Haven Firebird Society v. Boardof Fire Commissioners, 219 Conn. 432, 436, 593 A.2d 1383 (1991). The writ is not directed against the officer personally, but the office itself.State ex rel Repay v. Fodeman, 30 Conn. Sup. 82, 83, 300 A.2d 729
(1972). "It is well established that in quo warranto proceedings the burden is upon the defendant to show a complete title to the office in dispute.'"Cheshire v. McKenney, supra, 182 Conn. 257.
"The standing to proceed in quo warranto is determined by the nature of the interest of the relator in the contested public office."Carleton v. Civil Service Commission, supra, 10 Conn. App. 216. Parties who have standing to proceed in quo warranto include the government that created the office, any person entitled to claim the office and taxpayers, whether or not they claim the office for themselves. Id. In the second count of the amended complaint, Paul Meyer is alleged to be a resident and a taxpayer of the Town of Vernon, therefore, the plaintiff, Paul Meyer, has standing to bring the quo warranto action.
However, the plaintiff, Christopher Meyer, has no entitlement to the office of Vernon Police Sergeant. The plaintiffs argue that because the plaintiff, Christopher Meyer, interest in the outcome of the action is so great, because he would be under the command of the sergeants and is recognized as an integral member of the community, the plaintiff should have standing as well. CT Page 1201
The law in Connecticut, however, is clear that the only three types of plaintiffs that can successfully bring a quo warranto action are the governmental entity that created the office, a taxpayer and a person entitled to the office. Carleton v. Civil Service Commission,
supra, 10 Conn. App. 216. The plaintiff, Christopher Meyer, is not the governmental entity or taxpayer of the Town of Vernon. Furthermore, the certification list only names the eligible candidates for a position, the town still has the discretion to fill a vacancy with any of the three top scorers. (Agreement between the Town of Vernon and Local #483 of the International Brotherhood of Police Officers, Art. XIII, § 2).
Therefore, the plaintiff, Christopher Meyer, has no standing to raise a quo warranto action, and accordingly, the plaintiff, Christopher Meyer's complaint is dismissed.
The defendants raise the doctrine of laches and argue that the remaining plaintiff, Paul Meyer, is precluded from challenging the list based on the expiration date because the plaintiff did not challenge the original appointment of the defendants, Collins and Miffitt. The plaintiff argues that the doctrine of laches is not a defense to a quo warranto action.
"Laches consists of two elements. First, there must have been a delay that was inexcusable, and second, that delay must have prejudiced the defendants." Haggerty v. Patniewski, 11 Conn. App. 37, 40,525 A.2d 984 (1987). However, "the legality of a public office . . . is subject to challenge by quo warranto during the entire period of incumbency." Carleton v. Civil Service Commission, supra,10 Conn. App. 216-17. "Because of the public's interest in its government by legal public officers, there can be no waiver of quo warranto entitlement by inaction during the passage of time." Id., 216.
The defendants, Collins, Miffitt and Weglarz, are presently sergeants in the Vernon Police Department. The right to title of the sergeant position can still be at issue. Therefore, the doctrine of laches is not a bar to the present action.
 II
The plaintiff first argues that the defendants, Collins, Miffitt and Weglarz, cannot hold their position as sergeants because the list off which they were appointed was invalidly published under the Town of Vernon's regulations. The defendants argue that the promotional examination which resulted in the list in question was validly conducted, CT Page 1202 and since the requirements governing the promotion process are not in dispute, the defendants validly hold the office of Vernon Police Sergeant.
Courts have uniformly recognized the importance of preserving the integrity of the civil service system. Cassella v. Civil ServiceCommissioner, 202 Conn. 28, 34-36, 519 A.2d 67 (1987). Town charters and personnel rules are subject to the same rules of construction applied to statutes and legislative enactments. "The basic rule of statutory construction requires us to ascertain the intention of the law-making body; and to construe the statute in a manner that effectuates that intent." Green v. Warden, 178 Conn. 634, 637-38, 425 A.2d 128
(1979).
Therefore, the established scheme for promotions must be reviewed to interpret the Town of Vernon's intent. "The Town Administrator shall cause to have prepared a set of personnel rules which shall provide, among other things, for the method of holding competitive examinations for entrance or promotion, the establishment and maintenance of lists of eligible, . . . and such other rules as may be necessary to provide an adequate and systematic procedure for the handling of the personnel affairs of the town. . . . They shall have the force of and effect of law." Charter of the Town of Vernon, Connecticut, Chapter XIV, § 3. "All appointments to positions in the . . . service of the Town shall be made according to merit and fitness to be ascertained as far as possible by open competitive examinations." (Town of Vernon Personnel Rules Regulations, § 8.2(A).
"At the conclusion of all phases of the examination, the Town Administrator shall compile a certification list of all candidates who achieve a passing mark in each phase of the examination. The candidates shall be placed on the list by their scores and in descending order. The certification list shall be delivered to the Mayor, or to the Department as directed by the Mayor, for purposes of making appointments to positions in the Town service." Id., § 8.2(I). "The certification list shall be effective for one (1) year; it can be extended up to one additional year by the Mayor." Id., § 8.2(K). "The Town reserves the right to select from among the three (3) most highly ranked candidates for each individual promotional vacancy." (Agreement between the Town of Vernon and Local #483 of the International Brotherhood of Police Officers, Art. XIII, § 2).
The plaintiff argues that the appointments of defendants, Collins, Miffitt and Weglarz, are void because the certification list that contained Christopher Meyer's and the defendants names was published for a duration of two years and nine days. The plaintiff maintains that the list was published in violation of the town's rules and could not confer any authority to the mayor to appoint the defendants. The defendants argue CT Page 1203 that the defendants, Collins and Miffitt's appointments to sergeant were well within the initial one year duration of the list. Therefore, the defendants argue that the defendants Collins and Miffitt's appointments cannot be void because they were made pursuant to the personnel rules.
It is recognized that strict compliance with the rules that specify a method of appointment is required. New Haven Firebird Society v. Boardof Fire Commissioners, 32 Conn. App. 585, 592-93, cert. denied,228 Conn. 902, 634 A.2d 295 (1993). A municipality's charter constitutes its organic law and serves as an enabling act both creating power and prescribing the form in which power must be exercised. West HartfordTaxpayers Assn., Inc. v. Streeter, 190 Conn. 736, 742, 462 A.2d 379
(1983). Good faith of the parties will not validate an illegal appointment and will not be sanctioned by the courts. Resnick v. Civil ServiceCommission, 156 Conn. 28, 32, 238 A.2d 391 (1968).
With regard to the defendants, Collins and Miffitt, however, the rules that comprise the system of examination and promotion were not violated. When published pursuant to the personnel rules § 8.2(I), the list contained the following line: "This list is established effective June 21, 1995 and shall expire June 30, 1997." The plaintiff attempts to question the integrity of the procedures that led to the compiling and publication of that list through the list's expiration date.
However, that the list's stated duration was longer than its legally effective time cannot tarnish the eligibility of candidates, examination of candidates and publication of candidates for sergeant on the list. Pursuant to Vernon's personnel rules, unless extended by the mayor, the list could only be used as a pool of candidates for sergeant for one year. If the list contained a statement that the list was only effective for six months or one week, the list would still be effective for one year.
The fact that the list's stated duration was void, does not void the list. Nowhere in the personnel rules or the town's charter, does it state that any certification list must contain the date of its duration. It is understood, given the personnel scheme established by Vernon, that a list is only effective for one year without an extension by the mayor.
The defendants, Collins and Miffitt's appointment came within weeks of the publication of the list. Yet, the plaintiff argues that the incorrect and admittedly, illegal, duration date voids the defendants appointments. The intent of the Town of Vernon is clear. When a certification list is compiled it is effective for one year, no more or less. This duration is clearly stated in the personnel rules of the town. The plaintiff has no issue with any part of the exam, selection process for candidates or even CT Page 1204 the Christopher Meyer' s score. The plaintiff takes issue with what is the equivalent of a typographical or ministerial error on the certification list. Therefore, with regard to the plaintiff's request to void the defendants, Collins and Miffitt's right to the office of police sergeant of the Town of Vernon, the plaintiff's quo warranto action is denied.
The defendant, Weglarz's appointment, however, came after the one year duration imposed on the certification list. Furthermore, the defendant, Weglarz, was appointed by the mayor before any extension of the list. The defendant was appointed to the position of sergeant on September 10, 1996, effective September 29, 1996. The mayor did not authorize a one year extension of the list until September 27, 1996. The certification list became effective on June 21, 1995 and expired on June 21, 1996. The plaintiff argues again that the list conferred no authority to appoint Weglarz to sergeant because of me invalid expiration date and in addition, that me mayor's retroactive extension was untimely and without effect. The defendants argue that the defendant Weglarz's appointment is not void because the mayor's action were within his authority and the appointment can be ratified pursuant to the town's rules.
It is incontrovertible that the defendant, Weglarz's appointment occurred after the list had expired. However, the defendants argue that because the defendant Weglarz's appointment was not effective until September 29, 1996, and that the mayor extended the list on September 27, 1996, the mayor's actions can be ratified into compliance with the Town of Vernon's personnel rules.
"`It is a general rule that whatever acts public officials may do or authorize to be done in the first instance may subsequently be adopted or ratified by them with the same effect as though properly done under previous authority.' 10A E. McQuillin, Municipal Corporations, (3d Ed. Rev. 1990) § 29.104, p. 60." Fennel v. City of Hartford,238 Conn. 809, 818 (1996). "The ultra vires act of a municipal corporation cannot be cured by ratification. State ex rel. Fitzroy v.Trustees of Fireman's Relief Fund, 122 Conn. 650, 660, 191 A. 729
(1937)." State ex rel. Gaski v. Basile, 174 Conn. 36, 40,381 A.2d 547 (1977). "An illegal appointment can be cured by ratification of the municipal body with power to make the appointment. . . . This is a branch of the doctrine that an illegal contract can be ratified by the municipal body with the power to make the contract." (Citations omitted.) Id.
In the present case, it is the mayor who is the municipal body that has the power to appoint eligible candidates to the rank of sergeant from the certification list. (Personnel Rules Regulations § 8.3(A). The CT Page 1205 mayor notified the defendant, Weglarz, of his appointment by letter dated September 10, 1996. The plaintiffs argue that the appointment of the defendant at this time was unauthorized because according to the personnel rules, the certification list and therefore, the defendant's eligibility expired. However, the notification letter from the mayor stated that the appointment became effective on September 29, 1996. Therefore, the actual appointment of the defendant Weglarz did not occur until September 29, 1996.
On September 27, 1996, the defendant, Muro, sent a memorandum to the defendant, Rossmy, informing the police chief that the certification list was extended for one year. Therefore, the defendant, Weglarz's appointment did not occur devoid of a list. The mayor extended the list before the defendant, Weglarz's appointment took effect. The mayor is authorized to extend the certification list for one year. (Personnel Rule Regulations, § 8.2(K). The mayor then ratified his own unauthorized actions by extending the list pursuant to his authority. Therefore, the mayor cured any defect in the appointment of the defendant, Weglarz, by extending his eligibility through the list.[1]
All parties argue that the case of State ex rel. Gaski v.Basile, supra, is dispositive to this case. It is, however, not. In the case of State ex rel. Gaski v. Basile, supra, the court ousted a fire chief who was illegally appointed. The court's decision with regard to the policy of ratification was based on the fact that the council appointed the fire chief after the expiration of the eligibility list. State ex rel. Gaski v. Basile, supra, 174 Conn. 40. The council that had the authority to appoint the fire chief did try to ratify its illegal action through an open vote to ratify, but did not extend the eligibility list. Id. The court held that the public policy behind time limitations on eligibility lists could not be flouted by what "would amount to judicial creation of a new eligibility list." Id., 41. In the present case, the mayor had extended the list before the effective date of the defendant, Weglarz's appointment. The mayor did not simply try to ratify his actions by stating that his actions were proper, but attempted to bring his actions into compliance with the law. Therefore, the reasoning in State ex rel. Gaski v. Basile, supra, does not apply in the present case.[2]
"The Connecticut Supreme Court has consistently held that there is a presumption of regularity with regard to the actions of public officials. The public officials are presumed to have acted legally and properly in discharging their duties until the contrary appears. Beechwood GardenTenant' Assn. v. Department of Housing, 214 Conn. 505, 515,572 A.2d 989 (1990); Brookfield v. Candlewood Shores Estates, Inc.,
CT Page 1206201 Conn. 1, 6, 513, A.2d 1218 (1986)." Shulansky v. Cambridge-NewportFinancial Services Corp., 42 Conn. Sup. 439, 444, 623 A.2d 1078
(1993).
The Town of Vernon's personnel rules and charter are silent as to the procedure and method to be followed when extending the certification list. The plaintiff argues that the defendant, Weglarz, was appointed without authority because the list was void. As discussed above, the list was not void, but had expired pursuant to the personnel rules prior to the letter the defendant, Weglarz, received informing him of his appointment. The certification list was then extended pursuant to the personnel rules prior to the effective date of the defendant, Weglarz's appointment to sergeant.
To void the defendant's appointment now would be moot considering that the list properly effective today. The mayor was the proper person to ratify the unauthorized appointment of the defendant, and the mayor did ratify the appointment by extending the list, effectively extending the defendant, Weglarz's eligibility. If the defendant is ousted, the plaintiff's request for a new test would be improper since the list is presently effective. If the defendant, Weglarz, was ousted today, he could legally be appointed tomorrow. Such a ruling would be more form and less substance. "We do not exalt form over substance." National ElevatorIndus. v. Scrivini, 31 Conn. App. 728, 732, 626 A.2d 1332 (1993). Accordingly, with regard to the plaintiff's request to void the defendant Weglarz's right to the office of police sergeant of the Town Vernon, the plaintiff's quo warranto action is denied.
CONCLUSION
The certification list was published with an expiration date that exceeded the maximum time limitation of one year. However, the list was not void because of this defect The list had an expiration date of one year and the defendants, Collins and Miffitt, were appointed properly and pursuant to the authority conferred by the list. The list had expired before the defendant, Weglarz, was notified of his appointment. However, the mayor ratified his action by extending the duration of the certification list before the defendant, Weglarz's appointment took effect. T mayor was empowered and had the authority to extend the certification list as he did and any defect in the appointment of the defendant was cured by the mayor's extension. Therefore, the defendants, Collins, Miffitt and Weglarz, all hold proper and legal title to the office of sergeant in the Town of Vernon's police department.
Accordingly, the Court finds that the defendants Collins, Miffitt and CT Page 1207 Weglarz hold their positions by right. The application for a Writ of Quo Warranto is denied.
Klaczak, J.